HAEJI HONG, ATTORNEY #198503
TRIAL ATTORNEY
OFFICE OF THE UNITED STATES TRUSTEE
402 West Broadway, Suite 600
San Diego, CA 92101
(619) 557-5013

Attorneys for
TIFFANY L. CARROLL,
ACTING UNITED STATES TRUSTEE

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

In re:

TESLA GRAY,

        Debtor-in-Possession.

Case No.: 08-10753-LA11

DECLARATION OF SHANNON VENCILL IN SUPPORT OF UNITED STATES TRUSTEE'S MOTION TO CONVERT OR IN THE ALTERNATIVE APPOINT A CHAPTER 11 TRUSTEE

Date: December 10, 2009
Time: 2:00 pm
Dept: 2
Room: 118
Judge: Hon. Louise DeCarl Adler

I, Shannon Vencill, declare as follows:

1.     I am a paralegal specialist employed by the United States Trustee for the Southern District of California. I have personal knowledge of the facts stated herein, and could competently testify thereto if called as a witness to do so.

2.     I reviewed the docket in the above referenced case. According to my review of the Docket, the Court entered an Order on the Joint Motion for Withdrawal of Debtor's Objections to Involuntary Petition and for Entry of an Order for Relief under Chapter 11 (11 U.S.C. § 303) (the "Order for Relief"). Attached hereto as **Exhibit 1** is a true and correct copy of the Order for Relief.

3.   On September 22, 2009, I was present and observed the continued § 341(a) Meeting of Creditors (the "Second Meeting") in the above referenced case. Haeji Hong, trial attorney for the Office of the United States Trustee, presided. Tesla Gray, the Debtor-in-Possession (the "Debtor"), appeared with her counsel and testified. Attached hereto as **Exhibit 2** is a true and correct copy of the recording of the Second Meeting.

4.   The Debtor testified that her father, Ray Gray, provided information for the Schedules and Statement of Financial Affairs. *See* Exhibit 2 at 26:53-26.59; 1:33:21-1:33:27 (referencing Ray Gray and Linda Gray as father and mother).

5.   The Debtor testified that she provided no information other than her signature for the Schedules and Statement of Financial Affairs. *See* Exhibit 2 at 27:30-28:11.

6.   The Debtor testified that she invests in real estate and is a hair stylist. *See* Exhibit 2 at 29:23-29:35.

7.   The Debtor testified that her father managed her business affairs by locating the real property, handling her finances, and advising what the Debtor should do with the property. *See* Exhibit 2 at 30:00 – 30:28.

8.   The Debtor further testified that her mother and father kept books and record and handled bank accounts, checks, reconciliations, account payables, and account receivables. *See* Exhibit 2 at 30:35-30:58.

9.   The Debtor also testified that her parents do not live with her and that they maintain such books and records at their residence. *See* Exhibit 2 at 36:30-36:47.

10.   The Debtor testified that she maintains only her personal accounts at her residence and has no books and records relating to her real estate investments. *See* Exhibit 2 at 36:48-37:40.

11.   The Debtor testified that in order to manage her affairs, she relies upon her father and her father's knowledge. *See* Exhibit 2 at 31:24-31:38.

12.   The Debtor further testified that she has not written a single check without discussing with her father. *See* Exhibit 2 at 31:41-32:04.

VENCILL DECLARATION IN SUPPORT OF UST MOTION

13. When asked about her investment in 112 Acres, Harmony Grove ("Harmony Grove Property"), the Debtor testified that her father found the property and believed it would be a good investment for the Debtor. *See* Exhibit 2 at 32.50-33:04.

14. When asked about documents relating to the Harmony Grove Property, the Debtor testified that she could not recall what documents she signed. *See* Exhibit 2 at 33:21-33:27.

15. The Debtor further testified that her father explained the terms and conditions relating to the investment of the Harmony Grove Property. *See* Exhibit 2 at 33:50-34:00.

16. When asked how much the Debtor paid in downpayment for the Harmony Grove Property, the Debtor testified she did not know and that her father would know how much she paid in downpayment to purchase the property. *See* Exhibit 2 at 34:56 – 35:05.

17. The Debtor could not explain the discrepancy between the purchase price ($1,600,000) and the amount of secured claim ($17,575,173) of the Harmony Grove Property and testified that her father would know the reason for such discrepancy. *See* Exhibit 2 at 35:15-36:20.

18. The Debtor did not know whether she ever refinanced on the Harmony Grove Property. *See* Exhibit 2 at 38:23-38:28.

19. The Debtor did not know if she was current on her property tax for Harmony Grove Property. *See* Exhibit 2 at 38:51-39:00.

20. The Debtor did not know how many mortgages she had on the Harmony Grove Property. *See* Exhibit 2 at 39:02 – 39:13.

21. The Debtor did not know what the mortgage payments are on the Harmony Grove Property. *See* Exhibit 2 at 39:18-39:25.

22. The Debtor testified for approximately 2 hours at the Second Meeting. Exhibit 2.

23. The Debtor could not articulate why it was best for the Debtor to have withdrawn the opposition to the involuntary petition and move forward with this bankruptcy and did not know if she had a plan for concluding the bankruptcy case. *See* Exhibit 2 at 43:25-45:02.

24. The Debtor testified she did not understand this chapter 11 case. *See* Exhibit 2 at 45:55-46:13.

VENCILL DECLARATION IN SUPPORT OF UST MOTION

25. The Debtor did not know how much downpayment she made for any of the real property listed in Schedule A. *See* Exhibit 2 at 59:22-59:30.

26. The Debtor could not answer basic questions regarding assets and liabilities pertaining to this case. For example, the Debtor did not know if she was current on the property tax for any of the real property listed in Schedule A. *See* Exhibit 2 at 59:50-59:58.

27. The Debtor could not answer questions about her assets on Schedule B such as "Notes (2)/Fallbrook CA for $2,062,641" or whether she had taken steps to recover the amount. *See* Exhibit 2 at 1:12:43-1:13:19.

28. The Debtor did not know how much rent she was receiving from her own father and mother. *See* Exhibit 2 at 1:33:28-1:33:47.

29. The Debtor testified that her father received some profit or percentage of what the Debtor made in investing in properties in return for helping the Debtor invest in properties; however, she did not know how much money her father actually received from the Debtor for his help in Debtor's investment in properties. *See* Exhibit 2 at 1:16:59-1:17:50.

30. The Debtor did not know why she listed her father, Ray Gray, on Schedule F for $18,100,000. *See* Exhibit 2 at 1:26:55-1:27:05.

31. The Debtor could not explain what happened to approximately $21,000 in cash; she could not explain why she disclosed she had $25,641 of cash in Schedule B when her Debtor-in-Possession bank account reflects she only had approximately $4,000. *See* Exhibit 2 at 1:56:38-1:57:30.

32. The Debtor testified that she had $4,657.40 in the Debtor-in-Possession bank account as of the date of the Second Meeting. *See* Exhibit 2 at 1:20:47-1:21:23.

///
///
///
///
///
///

VENCILL DECLARATION IN SUPPORT OF UST MOTION

-4-

33.     On or about October 16, 2009, the Debtor filed an Opposition to Motion for Relief from Automatic Stay ("Opposition to Relief from Stay") as Docket #69. *Id.* The declaration in support of the Opposition to Relief from Stay was signed by the Debtor's father, Ray Gray, and the Debtor did not provide any declaration. Attached hereto as **Exhibit 3** is a true and correct copy of the Opposition to Relief from Stay that is filed as Docket #69.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information and belief. Executed this 28th day of October, 2009 in San Diego, California.

/s/Shannon Vencill
Shannon Vencill,

VENCILL DECLARATION IN SUPPORT OF UST MOTION

ENTERED 7-15-09

FILED

JUL 15 2009

CLERK, U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

1  Patrick E. Catalano, SBN 60774
   Mark Adams Poppett, SBN 64939
2  CATALANO & CATALANO
   655 W. Broadway, Suite 880
3  San Diego, CA 92101
   Tel: (619) 233-3565
4  Fax: (619) 233-4891
   Email: mark.poppett@legalcat.com
5
   Attorneys for Petitioners
6  JOHN MONTGOMERY and NANCY MONTGOMERY

7  Thomas C. Nelson, SBN 82506
   550 West C Street, Suite 1850
8  San Diego, CA 92101
   Tel: (619) 236-1245
9  Fax: (619) 236-0230
   Email: Tom@tcnlaw.com
10
   Attorney for Debtor TESLA GRAY
11

12              UNITED STATES BANKRUPTCY COURT

13              SOUTHERN DISTRICT OF CALIFORNIA

14
   In re TESLA GRAY,              ) Case No: 08-10753-LA11
15                                 ) Judge Louise DeCarl Adler
         Debtor.                   ) Petition for Involuntary Chapter 11
16                                 )
                                   ) [PROPOSED] ORDER ON THE JOINT
17                                 ) MOTION FOR WITHDRAWAL OF
                                   ) DEBTOR'S OBJECTIONS TO
18                                 ) INVOLUNTARY PETITION AND FOR
                                   ) ENTRY OF AN ORDER FOR RELIEF
19                                 ) UNDER CHAPTER 11 [11 U.S.C. §303]
                                   )
20                                 )
                                   )
21                                 )
                                   )
22  _____)

23      On the Joint Motion for Withdrawal of Debtor's Objections to Involuntary Petition and

24  for Entry of an Order for Relief Under Chapter 11, and good cause appearing,

25      IT IS HEREBY ORDERED that:

26      1.   Debtor Tesla Gray may seek relief under Chapter 11 of the United States
27  Bankruptcy Code;
28

1

(PROPOSED) ORDER JOINT MOTION FOR WITHDRAWAL OF DEBTOR'S OBJECTIONS TO
INVOLUNTARY PETITION AND FOR ENTRY OF AN ORDER FOR RELIEF UNDER CHAPTER 11

EXHIBIT "1"

2.  The July 15, 2009 trial date on the Petition for Involuntary Chapter 11 is hereby vacated;

3.  Debtor Tesla Gray shall file and serve her Schedules, Statements and List of Creditors pursuant to Local Bankruptcy Rule 1007-2 on or before __July 30__, 2009;

IT IS SO ORDERED.

Dated: __15 July 09__        By: _____
                                  Judge of the U.S. Bankruptcy Court

Signature by the attorney constitutes a certification under Fed. R. Bankr. P. 9011 that the relief provided by the order is the relief granted by the court.

Submitted by:

                              CATALANO & CATALANO

Dated: July 14, 2009          By: _____
                                  Patrick E. Catalano
                                  Mark Adams Poppett
                                  Attorneys for Petitioners
                                  JOHN MONTGOMERY and
                                  NANCY MONTGOMERY

                              THOMAS C. NELSON, ATTORNEY AT LAW

Dated: July __, 2009          By: _____
                                  Thomas C. Nelson
                                  Attorney for Debtor
                                  TESLA GRAY

2

Case 08-10753-CL7    Filed 11/04/09    Entered 11/05/09 15:14:17    Doc 78-1    Pg. 8 of 20

07/14/2009 14:24  Case 08-10753-LA11    Filed 07/15/09   Doc 46   Pg. 3 of 3    PAGE 02/02
JUL-14-2009 14:24 From:CHTALA    SD        16192339941      To:   92360230        P.2/2

2.    The July 15, 2009 trial date on the Petition for Involuntary Chapter 11 is hereby vacated;

3.    Debtor Tesla Gray shall file and serve her Schedules, Statements and List of Creditors pursuant to Local Bankruptcy Rule 1007-2 on or before _____ 2009;

IT IS SO ORDERED.

Dated: _____    By: _____
                                                          Judge of the U.S. Bankruptcy Court

Signature by the attorney constitutes a certification under Fed. R. Bankr. P. 9011 that the relief provided by the order is the relief granted by the court.

Submitted by:

CATALANO & CATALANO

Dated: July 14, 2009    By: _____
                                    Patrick E. Catalano
                                    Mark Adams Poppett
                                    Attorneys for Petitioners
                                    JOHN MONTGOMERY and
                                    NANCY MONTGOMERY

THOMAS C. NELSON, ATTORNEY AT LAW

Dated: July __, 2009    By: _____
                                    Thomas C. Nelson
                                    Attorney for Debtor
                                    TESLA GRAY

(PROPOSED) ORDER JOINT MOTION FOR WITHDRAWAL OF DEBTOR'S OBJECTIONS TO INVOLUNTARY PETITION AND FOR ENTRY OF AN ORDER FOR RELIEF UNDER CHAPTER 11

Exhibit 2

Exhibit 2 is a CD containing the recording of the 11 U.S.C. § 341(a) Meeting of Creditors conducted on September 22, 2009 in Gray, Case No. 08-10753-LA11. A CD is filed with the Bankruptcy Court and is available at the Court Clerk's Office.

Exhibit 2

**CSD 1161** (05/15/03)
Name, Address, Telephone No. & I.D. No.

Thomas C. Nelson  CSB 82506
550 West C Street, Suite 1850
San Diego, CA 92101
(619) 236-1245

FILED
09 OCT 14 PM 4:__
U.S. BANKRUPTCY CT.
SO. DIST. OF CALIF.

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

| | |
|---|---|
| In Re<br>**TESLA GRAY**<br><br>Debtor. | BANKRUPTCY NO. 08-10753-LA11 |
| Wells Fargo Bank, N.A. as the Indenture Trustee, etc.<br><br>Moving Party | RS NO. PD1 |
| Tesla Gray<br><br>Respondent(s) | Hearing Date: October 29, 2009<br>Hearing Time: 2:30 p.m. |

### OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY
☑ REAL PROPERTY   ☐ PERSONAL PROPERTY

Respondent in the above-captioned matter moves this Court for an Order denying relief from the automatic stay on the grounds set forth below.

1. A Petition under Chapter ☐ 7  ☑ 11  ☐ 12  ☐ 13 was filed on ____9/30/2009____.

2. **Procedural Status:**
   a. ☑ Name of Trustee Appointed *(if any)*: None-Debtor in Possession
   
   b. ☐ Name of Attorney of Record for Trustee *(if any)*:
   
   c. ☐ *Prior Filing Information:
      Debtor has previously filed a Bankruptcy Petition on:_____.
      If applicable, the prior case was dismissed on: _____.
   
   d. ☐ *(If Chapter 13 case)*: Chapter 13 Plan was confirmed on _____ or a confirmation hearing is set for _____.

3. *Number of unsecured creditors __19__. Amount of unsecured debt $__28,253,538.00__.

4. *Last operating report filed:_____N/A_____

5. *Disclosure statement: Filed? (yes/no)__No__. Approved? (yes/no)__No__.
   If yes, date of plan confirmation hearing:_____

*Only required if respondent is the debtor.

**CSD 1161**

EXHIBIT "3"

CSD 1161 (Page 2) (05/15/03)

Respondent alleges the following in opposition to the Motion:

1. ☑ The following real property is the subject of this Motion:
   a. Street address of the property including county and state:

   87-597 Farrington Highway, Wainae, HI

   b. Type of real property (e.g., single family residence, apartment building, commercial, industrial, condominium, unimproved):

   5,000 square foot custom home with swimming pool on 1/2 acre beachfront lot

   c. Legal description of property is attached as Exhibit A.

   d. **Fair market value of property: $ 3,500,000.00  .

   e. **Nature of Respondent's interest in the property:  Fee simple ownership

2. ☐ The following personal property is the subject of this Motion *(describe property)*:

   a. **Fair market value of property: $_____ .

   b. **Nature of Respondent's interest in the property:

3. Status of Movant's loan:
   a. Balance owing on date of Order for Relief:        $       1,582,189.40
   b. Amount of monthly payment:                         $       8,889,242.00
   c. Date of last payment:                              4/1/2008
   d. If real property,
      (1) Date of default:                               5/1/2008
      (2) Notice of Default recorded on:                 N/A
      (3) Notice of Sale published on:                   N/A
      (4) Foreclosure sale currently scheduled for:      N/A
   e. If personal property,
      (1) Pre-petition default:   $_____            No. of months: _____
      (2) Post-petition default:  $_____            No. of months: _____

4. *(If Chapter 13 Case, state the following:)*
   a. Date of post-petition default:                     asdfasdfasdf
   b. Amount of post-petition default:                   $_____

5. Encumbrances:
   a. Voluntary encumbrances on the property:

| Lender Name | Principal Balance | Pre-Petition Arrearages Total Amount - # of Months | | Post-Petition Arrearages Total Amount - # of Months | |
|---|---|---|---|---|---|
| 1st: Wells Fargo Bank | 1,437,651.25 | 48,541.30 | 6 | 80,031.78 | 9 |
| 2nd: | | | | | |
| 3rd: | | | | | |
| 4th: | | | | | |
| Totals for all Liens: | $ 1,437,651.25 | $ 48,541.30 | | $ 80,031.78 | |

**Separately filed Declaration required by Local Bankruptcy Rule 4001-4.

CSD 1161

CSD 1161 (Page 3) [05/15/03]

    b.     Involuntary encumbrances of record (e.g., tax, mechanic's, judgment and other liens, lis pendens):
          ☐ See attached page, if necessary.

6.    Relief from the automatic stay should not be granted because:
    a.    ☒ Movant's interest in the property described above is adequately protected.

    b.    ☒ Debtor has equity in the property described above and such property is necessary to an effective reorganization.

    c.    ☒ The property is not "single asset real estate", as defined in 11 U.S.C. § 101(51B).

    d.    ☐ The property is "single asset real estate", as defined in 11 U.S.C. § 101(51B), and less than 90 days (or _____ days ordered by this court) have passed since entry of the order for relief in this case, or

        (1)    the Debtor/Trustee has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or

        (2)    the Debtor/Trustee has commenced monthly payments to each creditor whose claim is secured by the property (other than a claim secured by a judgment lien or by an unmatured statutory lien) which payments are equal to interest at a current fair market rate on the value of each creditors' interest in the property.

    e.    ☐ Other (specify): ☐ See attached page.

When required, Respondent has filed a separate Declaration pursuant to Local Bankruptcy Rules 4001-4.

Respondent attaches the following:

1.    ☒ Other relevant evidence:
    Exhibits 1 and 2

2.    ☐ (Optional) Memorandum of points and authorities upon which the responding party will rely.

WHEREFORE, Respondent prays that this Court issue an Order denying relief from the automatic stay.

Dated: 10/14/2009

                                                   [signature]
                                                   [Attorney for] Respondent

Order No. 315730 - A

# EXHIBIT A

All of that certain parcel of land situate at Lualualei, District of Waianae, City and County of Honolulu, State of Hawaii, described as follows:

Lot 4, area 20,922 square feet, more or less, as shown on Map 1, filed in the Office of the Assistant Registrar of the Land Court of the State of Hawaii with Land Court Application No. 1827 of Mokuleia Ranch and Land Company, Limited.

Being all of the property described in and covered by Transfer Certificate of Title No. 771,505

Tax Map Key: 8-7-028-012

2

THOMAS C. NELSON (Cal. Bar No.82506)
550 West C Street, Ste. 1850
San Diego, CA 92101
(619) 236-1245 phone
(619) 236-0230 fax
tom@tcnlaw.com

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>TESLA GRAY,<br><br>    Debtor<br><br><br>WELLS FARGO BANK, N.A. AS INDENTURE TRUSTEE UNDER THE INDENTURE RELATING TO IMH ASSETS CORP. COLLATERALIZED ASSET-BACKED BONDS, SERIES 2005-6,<br><br>    Movant,<br><br>vs.<br><br>TESLA GRAY, et al,<br><br>    Respondents | Case No. 08-10753-LA11<br>RS No. PD1<br><br>Chapter 11<br><br>DECLARATION OF RAY GRAY IN OPPOSITION TO MOTION FOR RELIEF FROM STAY BY WELLS FARGO BANK, N.A.<br><br>Date: October 29, 2009<br>Time: 2:30 p.m.<br>Dept: Two (Room 118) |

1

Ray Gray declares:

1. I am over the age of 18. I am the father of Tesla Gray, the Debtor in this proceeding. I also manage the Debtor's real estate investments, including the property located at 87-597 Farrington Highway, Waianae, Hawaii (the "Property"). I am personally acquainted with the Property, having negotiated the Debtor's purchase of it and having managed the Property on the Debtor's behalf since she acquired it.

2. I have been in the real estate business as my primary occupation for more than 35 years. During that time, I have bought and sold both undeveloped and developed residential and commercial real properties; acquired undeveloped land, obtained development entitlements and then sold to builders; acquired existing properties, including single-family residences such as the Property, remodeled and sold them, among other aspects of the real estate business. I have, either personally or through entities I control, bought as investment and then sold at least ten (10) single-family residences in Hawaii. I am very conversant with evaluating the market value of real estate, such as the Property, using comparable sales and listings since I have been doing that for over 35 years, to make investment decisions on my own behalf and for others, including the Debtor.

3. The Property is nearly one-half acre in size and is located on the Pacific Ocean on the island of Oahu. It has a sandy beach, and the property lines actually extend beyond the beach into the ocean. It is improved with a custom-built home consisting of approximately 5,000 square feet when the temperature-controlled wine cellar is included. The Buyer's Opinion submitted by Wells Fargo Bank, N.A., as the Indenture Trustee under the Indenture Relating to IMH Assets Corp. Collateralized Asset-Backed Bonds, Series 2005-6 ("Wells" or the "Movant") describes the home on the Property as having 4,957 square feet, but that only includes the portion of the home which is above grade. The temperature-controlled wine cellar is below grade. The home has 7 bedrooms and 5.5 bathrooms on two floors, and a "safe room" to protect residents from hostile

1 intruders. The Property also includes a custom-built swimming pool and Jacuzzi. A photograph depicting the view from the living room, across the grass lawn to the sandy beach and the ocean, is attached as Exhibit 1.

4. The "comparable" sales and listings described in Exhibit E of Movant's papers are not truly comparable: they are all much smaller in lot size (ranging from .143 acres to .401 acres) than the subject Property, and the homes located on them are also much smaller in size (832 square feet to 3.261 square feet) as compared with the 5,000 square foot home on the Property. None of the "comparables" has a pool, whereas the Property features a custom-built swimming pool.

5. Attached as Exhibit 2 is a print out I obtained from the Multiple Listing Service for Hawaii describing a sample of six (6) properties currently listed for sale which are more comparable to the Property. All are beachfront properties, and all but one are improved with homes approximately the same size as the one located on the Property. The listing prices range from $3,495,000.00 to 8,900,000.00. Based on my experience in buying and selling single-family homes in Hawaii, as well as my review of current listings including those attached as Exhibit 2, my opinion is that the Property is worth at least $3,500,000.00.

6. The comparable described as Sale 1 in Exhibit E to Movant's papers supports that estimate of value. Sale 1 is a property located at 84-897 Farrington Highway, which is 4.57 miles from the subject Property. The home on the property is 61 years old and 832 square feet in size, which is twice as old and less than 20% the size of the home located on the Property. The size of the lot is .388 acres or about 20% smaller than the Property. It does not have a swimming pool. Despite the very significant differences between the two, the property described as Sale 1 sold for $1,390,000.00 just over one year ago; just $160,000.00 less than the value attributed to the Property by Movant. Given the size and age of the improvements, it is likely that the sales price was based primarily on the value of the lot alone. Since the Property has a 5,000 square foot

3

1 custom-built home and pool, it is clearly worth significantly more that the one described
2 as Sale 1.
3     7.    Listing 3 described in Exhibit E to Movant's papers also supports that
4 estimate of value. Listing 3 is a property located at 87-619 Farrington Highway, which is
5 very close to the subject Property. I have personal knowledge of that property since I
6 have been there and seen the entire property, including an inspection of the home located
7 on it. The house is a prefabricated "package" structure that is 3261 square feet in size, as
8 compared with the 5,000 square foot custom home located on the Property. The size of
9 the lot is .399 acres or about 17% smaller than the Property. It does not have a swimming
10 pool. Although the lot and house are smaller, the house is a prefabricated "package"
11 structure and there is no pool, the listing price is $1,475,000.00; $75,000.00 less than the
12 value attributed to the Property by Movant. The Property is also clearly worth
13 significantly more that the one described as Listing 3.
14     8.    There is another aspect of the Property which differentiates it from those
15 described by Movant. The Debtor owns the adjacent property as well. The Debtor is
16 privately marketing both properties as a "compound" consisting of a full acre of
17 beachfront land, two homes and a guest house comprising thirteen bedrooms, ten
18 bathrooms, three full service kitchens, a swimming pool and Jacuzzi. It is being offered
19 at $8 million. The two properties combined as one estate makes each more valuable than
20 they are separately.
21     The foregoing is my personal knowledge. I could and would so testify if called as
22 a witness.
23     Signed on October 14, 2009, at Fallbrook, California.
24     I declare under penalty of perjury under the laws of the United States of America
25 that the foregoing is true and correct.

Ray Gray

4

**EXHIBIT 1**



### Single Family
**MLS#:** 2901561  stat Active

1-5-5-002-034-0001
55323 Kamehameha Hwy 1
LAIE
Views: Coastline, Garden
Prop Cond: Excellent

Frnt: Sandy Beach

Prk: 3Car+, Driveway

Topo: Level
Terms: Cash, Conventional, Seller Financing
LO: Island, REALTORS

BR: 10
Liv: 4,936
Stories: One
Pool: None

Fractional: No

Zoning: 05 - R-5 Residential District
Flood: AE
DOM: 258

List: $4,850,000*    FS - F Simple
Baths: 8/0
Lanai:              Other
Land: 36,325        YrBt:
Asad Imprv: $333,900
Asad Land: $3,044,800
Asad Total: $3,378,700    2008
Tax: $963
Tot Mon Fee: $0     LD: 1
Sold: $             SD:

Remarkable Beachfront Compound - Located on 'Bathtub Beach' a reef protected sandy bottom beach with calm waters for kayaking, fishing or snorkel. Beach frontage 100+ linear ft, this wall & gated retreat has 3 separate structures & a large grassy yard w/deck areas great for indoor/outdoor living. For family use w/capability to rent any or all 5 residences. Each residence has its own TMK.



### Single Family
**MLS#:** 2906053  stat Active

1-5-5-001-014-0001
55-135 A Kamehameha Hwy 001
LAIE
Views: Coastline, Mountain

Prop Cond: Excellent
Frnt: Ocean, Sandy Beach, Waterfront
Prk: 3Car+, Driveway, Garage
Topo: Level
Terms: Cash, Conventional
LO: Eovino & Associates, Inc.

BR: 4
Liv: 4,259
Stories: Two
Pool: Heated, In Ground, Plaster, Spa/HotTub

Fractional: No

Zoning: 05 - R-5 Residential District
Flood: AE
DOM: 169

List: $5,900,000    FS - Simp
Baths: 4/1
Lanai: 1596        Othr
Land: 24,682       YrBt
Asad Imprv: $1
Asad Land: $1
Asad Total: $21

Tax: $1
Tot Mon Fee: $0    LD:
Sold: $            SD:

BRAND NEW Luxury Home with over 100ft of beautiful white, sandy beachfront. An almost private beach perfect for swimming, truly a well-kept secret. Highest quality construction. Best home in the area. Turtle Bay Resort & famous N. Shore surf nearby. Quiet country area with a waterfall hike across ! In lush tropical rainforest. Property currently undergoing subdivision approval.



### Single Family
**MLS#:** 2816986  stat Active

1-5-8-003-085-0000
58209 Napoonala Pl
SUNSET/VELZY
Views: Ocean, Sunset
Prop Cond: Excellent

Frnt: Ocean

Prk: 3Car+, Driveway, Garage
Topo: Level
Terms: Cash, Conventional
LO: Paradise Real Estate Hawaii

BR: 5
Liv: 4,129
Stories: Two
Pool: None

Fractional: No

Zoning: 05 - R-5 Residential District
Flood: A
DOM: 359

List: $4,997,000    FS - F Simple
Baths: 5/1
Lanai:              Other:
Land: 46,807        YrBt:
Asad Imprv: $730,000
Asad Land: $2,758,700
Asad Total: $3,488,700    2008
Tax: $955
Tot Mon Fee: $360   LD: 1
Sold: $             SD:

UNBELIEVABLE!! A full acre beachfront! White sand, palm trees, turquoise sea, cool breeze... All this along with custom designed 4 bed/4.5 bath main ... Sunset Beach Colony on Oahu's famous North Shore. Call and make an appointment to see it today!!



MLS#: 2819450 stat Active — List: $3,495,000 — FS - Fee Simple
1-5-9-020-019-0000
59-329 Ke Nui Rd B&C
SUNSET AREA
Views: Ocean, Sunset
Prop Cond: Above Average
Frnt: Ocean, Sandy Beach, Waterfront
Prk: 2Car, 3Car+, Carport, Driveway
Topo: Level
Terms: Cash, Conventional
LO: Realty Executives Oahu

BR: 4
Liv: 2,066
Stories: Spit Level, Two
Pool: In Ground
Fractional: No
Zoning: 05 - R-5 Residential District
Flood: VE
DOM: 301

Baths: 2 / 0
Lanai: 440
Land: 9,382
Assd Imprv: $221,600
Assd Land: $3,252,800
Assd Total: $3,474,500
Tax: $964
Tot Mon Fee: $0
Sold: $

Other:
YrBt: 1977
2008
LD: 12/18/2008
SD:

Two Beachfront attached North Shore Homes on large grass lot.4 Bedrooms,2 Bath & New sparkling tile saltwater pool.Famous surf spots Pipeline,Rocky Point & Pupukea in front.Complete remodel in 2009 with wood floors,kitchen cabinets,granite counters,stainless appliance,new bath vanities & tile.New quartzite stone tile pool deck.Beautiful 100x40ft oceanfront grass yard.Buy one home for $2mm w/si.



**Single Family**
MLS#: 2903833 stat Active — List: $4,195,000* — FS - Fee Simple
1-5-9-003-026-0002
59-615 Ke Iki Rd B
SUNSET AREA
Views: Coastline, Garden
Prop Cond: Excellent
Frnt: Ocean, Preservation, Sandy Beach, Waterfront
Prk: 3Car+, Driveway, Garage
Topo: Gentle Slope, Level
Terms: Cash, Conventional, PMM, Seller Financing
LO: Realty Executives Oahu

BR: 4
Liv: 5,303
Stories: Split Level, Two
Pool: None
Fractional: No
Zoning: 05 - R-5 Residential District
Flood: X
DOM: 213

Baths: 3 / 2
Lanai: 1697
Land: 14,908
Assd Imprv: $80,100
Assd Land: $2,168,800
Assd Total: $2,248,900
Tax: $532
Tot Mon Fee: $0
Sold: $

Other:
YrBt: 2008
2007
LD: 3/16/2009
SD:

Oceanfront Masterpiece under construction. Spectacular architecture & unsurpassed design lets you connect to nature. Exotic woods, indoor planters, entry waterfall, skylights and ample use of stone & marble create a tropical ambiance. Breathtaking ocean views with steps to white sand beach. Seasonal whale watching & daily sunsets. Separate CPR 2BR Cottage also available to create estate.

**Single Family**
MLS#: 2912370 stat Active — List: $8,800,000 — FS - Fee Simple
1-4-3-022-013-0002
57A Kailuana Pl A-2
BEACHSIDE
Views: Coastline, Mountain
Prop Cond: Excellent
Frnt: Ocean, Sandy Beach, Stream/Canal, Waterfront
Prk: 3Car+, Garage, Street
Topo: Level
Terms: Cash, Conventional, Exchange
LO: CENTURY 21 Kailua Beach

BR: 5
Liv: 4,916
Stories: One
Pool: In Ground, Spa/HotTub
Fractional: No
Zoning: 03 - R10 - Residential District
Flood: X
DOM: 29

Baths: 5 / 1
Lanai: 1942
Land: 27,975
Assd Imprv: $1,244,100
Assd Land: $3,379,300
Assd Total: $4,623,400
Tax: $1927
Tot Mon Fee: $0
Sold: $

Other: 527
YrBt: 2006
2009
LD: 9/16/2009
SD:

Absolutely stunning Plantation style luxury. Fronting 2 miles of the best white sand beach in the world. Exotic courtyard entry w/rock pool & waterfall. Awesome views incl. ocean, coastline, Mokulua Isles, Koolau Mountains. Very private in an upscale neighborhood. Sq. footage may differ from tax office.