B 104 [08/07]

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| ACTING UNITED STATES TRUSTEE | TESLA GRAY |

| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
|---|---|
| JEANNE C. WANLASS (Bar No. 167215) OFFICE OF THE U.S. TRUSTEE 402 WEST BROADWAY, SUITE 600 SAN DIEGO, CA 92101-8511 (619)557-5013 | THOMAS C. NELSON 550 WEST C STREET, STE. 1850 SAN DIEGO, CA 92101 (619)236-0230 |

| **PARTY** (Check One Box Only) | **PARTY** (Check One Box Only) |
|---|---|
| ☐ Debtor    ☒ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor    ☐ Other <br> ☐ Trustee | ☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor    ☐ Other <br> ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

OBJECTIONS TO DISCHARGE PURSUANT TO 11 U.S.C. SECTIONS 727(A)(2),(A)(3),(A)(4) AND (A)(5)

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
11 - Recovery of money/property - § 542 turnover of property
12 - Recovery of money/property - § 547 preference
13 - Recovery of money/property - § 548 fraudulent transfer
14 - Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
21 - Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
31 - Approval of sale of property of estate and of co-owner - § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☒ 41 - Objection / revocation of discharge - § 727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
51 - Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
66 - Dischargeability - § 523(a)(1),(14),(14A) priority tax claims
62 - Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud
67 - Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
61 - Dischargeability - § 523(a)(5), domestic support
68 - Dischargeability - § 523(a)(6), willful and malicious injury
63 - Dischargeability - § 523(a)(8), student loan
64 - Dischargeability - § 523(a)(15), divorce or separation obligation (other than domestic support)
65 - Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
71 - Injunctive relief - reinstatement of stay
72 - Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
81 - Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
91 - Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
01 - Determination of removed claim or cause

**Other**
SS-SIPA Case – 15 U.S.C. §§ 78aaa et.seq.
02 - Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>TESLA GRAY | | BANKRUPTCY CASE NO.<br>08-10753-LA7 |
| DISTRICT IN WHICH CASE IS PENDING<br><br>SOUTHERN DISTRICT OF CALIFORNIA | DIVISIONAL OFFICE<br><br>SAN DIEGO | NAME OF JUDGE<br>LOUISE DECARL ADLER |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br><br>11/30/10 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>JEANNE C. WANLASS   *Jeanne C Wanlass* | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature**. This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

```
 1  JEANNE C. WANLASS, ATTORNEY #167215
    TRIAL ATTORNEY
 2  OFFICE OF THE UNITED STATES TRUSTEE
    402 WEST BROADWAY, SUITE 600
 3  SAN DIEGO, CA 92101-8511
    (619) 557-5013
 4
    Attorney for
 5  TIFFANY L. CARROLL
    ACTING UNITED STATES TRUSTEE
 6
 7
 8                   UNITED STATES BANKRUPTCY COURT
 9                   Southern District of California
10
11  In re:                          )   Case No. 08-10753-LA7
                                     )
12  TESLA GRAY,                      )   Adversary No. _____
                                     )
13                                   )   COMPLAINT TO DENY DEBTOR'S
                                     )   DISCHARGE PURSUANT TO 11
14                                   )   U.S.C. §§ 727(a)(2), (a)(3),
                                     )   (a)(4),and (a)(5).
15               Debtor.             )
    _____ )
16                                   )
    ACTING UNITED STATES TRUSTEE,    )
17                                   )
                                     )
18               Plaintiff,          )
                                     )
19  v.                               )
                                     )
20  TESLA GRAY,                      )
                                     )
21                                   )
                 Defendant.          )
22  _____ )
23       The Acting United States Trustee, complains as follows:
24                    GENERAL ALLEGATIONS
25                  JURISDICTION AND VENUE
26       1.   This is an adversary proceeding in which the Acting United
27  States Trustee (hereinafter "Plaintiff") objects to the discharge
28  of the debtor TESLA GRAY (hereinafter "Defendant" or "Debtor").
```

1  This court has jurisdiction over this adversary proceeding pursuant
2  to 28 U.S.C. §1334, General Order 312-D of the United States
3  District Court, Southern District of California and 11 U.S.C. §727.
4  This is a core proceeding under 28 U.S.C. §157(b)(2). Venue is
5  proper in this district consistent with 28 U.S.C. §1409 as the
6  underlying bankruptcy case is being administered in this district.

7                                **PARTIES**

8      2.   Plaintiff is the Acting United States Trustee for Region
9  15, and has standing pursuant to 11 U.S.C. §§ 307 and 727(c) to
10 bring this complaint objecting to the discharge of Defendant.

11     3.   Defendant is the Debtor in this case commenced by the
12 filing of an involuntary petition (the "Petition") under chapter 11
13 of title 11, United States Code (hereinafter the "Bankruptcy Code")
14 on October 28, 2008,(the "Petition Date"). An answer to the
15 involuntary petition was filed by the Debtor on November 18, 2008.

16     4.   The Order for Relief under Chapter 11 was entered on July
17 15, 2009. On December 21, 2009, an Order was entered converting
18 this case from one under Chapter 11 to one under Chapter 7.

19     5.   The Chapter 7 trustee appointed in this bankruptcy case is
20 Ronald E. Stadtmueller.

21                          **FACTUAL BACKGROUND**

22 **Bankruptcy Documents Filed Under Penalty of Perjury**

23     6.   On August 5, 2009, Defendant filed Schedules A-J and a
24 Statement of Financial Affairs (collectively "Initial Documents").

25     7.   The Initial Documents included a "Declaration Concerning
26 Debtor's Schedules", which Defendant executed and which affirmed
27 under penalty of perjury that the information in Schedules A-J was
28 true and correct.

                                    2

1    8.   The Initial Documents also included a "Declaration Under

2  Penalty of Perjury by Individual Debtor", which Defendant executed

3  and which affirmed under penalty of perjury that the information in

4  Statement of Financial Affairs, and any attachments thereto, was

5  true and correct.

6    9.   On August 26, 2009, Defendant filed an Amendment to

7  Schedule F ("First Amendment"), adding one creditor.

8    10.   On October 7, 2009, Defendant filed an Amendment to

9  Schedules B and J, and to Statement of Financial Affairs response

10  to Questions 1 and 9 ("Second Amendment").

11    11.   The Second Amendment also included a "Declaration of

12  Debtor", which Defendant executed and which affirmed under the

13  penalty of perjury that the information contained in the Second

14  Amendment was true and correct.

15    12.  On February 9, 2010, Defendant filed an Amendment to the

16  Summary of Schedules and Schedules B and C ("Third Amendment").

17    13.   The Third Amendment also included a "Declaration of

18  Debtor", which Defendant executed and which affirmed under the

19  penalty of perjury that the information contained in the Third

20  Amendment was true and correct.

21    14.   On February 10, 2010, Defendant filed an Amendment to

22  Schedule C ("Fourth Amendment").

23    15.   The Fourth Amendment also included a "Declaration of

24  Debtor", which Defendant executed and which affirmed under the

25  penalty of perjury that the information contained in the Fourth

26  Amendment was true and correct.

27    16.   On February 19, 2010, Defendant filed an Amendment to

28  Schedule C ("Fifth Amendment").

1   　　17.   The  Fifth  Amendment  also  included  a  "Declaration  of
2   Debtor",  which  Defendant  executed  and  which  affirmed  under  the
3   penalty  of  perjury  that  the  information  contained  in  the  Fifth
4   Amendment  was  true  and  correct.

5   　　18.   In  the  Initial  Documents,  in  response  to  Schedule  B,
6   Question  16  "Accounts  Receivable"  Defendant  answered  "Notes
7   (2)/Fallbrook,  CA  -  $2,062,641.00".   No  Amendments  are  filed  as  to
8   this  response.

9   　　19.   In  the  Initial  Documents,  in  response  to  Schedule  B,
10  Question  21  "Other  contingent  and  unliquidated  claims  of  every
11  nature,  including  tax  refunds,  counterclaims  of  the  debtor,  and
12  rights  to  setoff  claims"  Defendant  answered  "Contract  Receivable/
13  Oceanside,  CA  -  34,240,306.00".   No  Amendments  are  filed  as  to  this
14  response.

15  　　20.   In  the  Initial  Documents,  in  response  to  Schedule  B,
16  Question  31  "Animals"  Defendant  answered  "None".   No  Amendments  are
17  filed  as  to  this  response.

18  　　21.   In  the  Initial  Documents,  in  response  to  Schedule  B,
19  Question  35  "Other  personal  property  of  any  kind  not  already
20  listed"  Defendant  answered  "None".   No  Amendments  are  filed  as  to
21  this  response.

22  　　22.   In  the  Initial  Documents,  in  response  to  Statement  of
23  Financial  Affairs  question  number  3b  -  "List  each  payment  or  other
24  transfer  to  any  creditor  made  within  90  days  immediately  preceding
25  the  commencement  of  the  case  unless  the  aggregate  value  of  all
26  property  that  constitutes  or  is  affected  by  such  transfer  is  less
27  than  $5,475"  Defendant  answered  by  listing  certain  credit  card
28  payments  and  a  payment  to  Countrywide.  No  Amendments  are  filed  as

4

1 | to this response.

2 |     23.   In the Initial Documents, in response to Statement of
3 | Financial Affairs question number 3c - "List all payments made
4 | within one year immediately preceding the commencement of this case
5 | to or for the benefit of creditors who are or were insiders"
6 | Defendant answered "None".   No Amendments are filed as to this
7 | response.

8 |     24.   In the Initial Documents, in response to Statement of
9 | Financial Affairs question number 7 - "Gifts" Defendant answered
10 | "None".  No Amendments are filed as to this response.

11 |     25.   In the Initial Documents, in response to Statement of
12 | Financial Affairs question number 10 - "Other Transfers" Defendant
13 | answered "None". No Amendments are filed as to this response.

14 |     26.   In the Initial Documents, in response to Statement of
15 | Financial Affairs question number 11 - "Closed Financial Accounts"
16 | Defendant answered "None".   No Amendments are filed as to this
17 | response.

18 |     27.   In the Initial Documents, in response to Statement of
19 | Financial Affairs question number 18 - "Nature, location and name
20 | of business" Defendant answered "TNT Hair Design" and "Desert Aire
21 | LLC".  No Amendments are filed as to this response.

22 | **Debtor's Testimony Under Penalty Of Perjury**

23 |     28.   On September 22, 2009, Defendant appeared and testified
24 | under oath at the initial Chapter 11, 11 U.S.C. §341(a) meeting of
25 | creditors ("Ch. 11 341 Meeting").

26 |     29. At the initial Ch. 11 341 Meeting, Defendant testified as
27 | follows upon being questioned by the United States Trustee:

28 |           a.   Defendant understood that her testimony was under

1  penalty of perjury.

2  b.  Defendant cosigned for a loan from Bank of the West

3  for Ashurst Land & Cattle [LLC] and cattle were

4  purchased with that loan.

5  c.  Defendant believes the cattle still exist and the

6  cattle may be on the Defendant's property.

7  d.  Defendant testified she had no relationship with

8  Ashurst Land & Cattle.

9  e.  Defendant may have transferred property to her

10  father in the last two years.

11  f.  Defendant has disclosed all real property in this

12  preceding.

13  g.  Defendant has disclosed all bank accounts in this

14  bankruptcy.

15  h.  Defendant signed the Schedules and Statement of

16  Affairs.

17  I.  Defendant cosigned the loan for the cattle because

18  her father said it would be a good investment.

19  j.  Defendant, at one point, owned a property located

20  at 1620 Wilt Road, Fallbrook, California, but was

21  not sure if she still owned it.

22  k.  Defendant does not recall ever selling the Wilt

23  Road Property.

24  l.  Defendant does not know if any collection efforts

25  have been made on the two notes listed on Schedule

26  B, in response to question number 16.

27  m.  Defendant has no written agreements between herself

28  and her father for services.

6

1    n.   Defendant does not know how much her father has
2         taken for his services.

3    o.   Defendant does not know how much money is to be
4         received from the Kona Brothers Coffee LLC contract
5         referenced on Schedule G.

6    p.   Defendant does not know how much rent is collected
7         from her parents Ray & Linda Gray pursuant to the
8         lease listed on Schedule G.

9    q.   Defendant's hair salon business maintains a bank
10        account with Union Bank.

11   r.   Defendant is in the business of real estate
12        investment and has been investing in real estate
13        for approximately eleven (11) years.

14   s.   Defendant testified she could not recall the exact
15        number of properties she had invested during the
16        eleven (11) years but it was "a lot".

17   30.   On October 27, 2009, Defendant appeared and testified

18   under oath at the continued Chapter 11, 11 U.S.C. §341(a) meeting

19   of creditors ("October Ch. 11 341 Meeting").

20   31.   At the October Ch. 11 341 Meeting, Defendant testified as

21   follows:

22   a.   Defendant understood that her testimony was under
23        penalty of perjury.

24   b.   Defendant reviewed and signed the Second Amendment
25        before it was filed with the Court.

26   c.   The Defendant is not collecting rent on any real
27        property owned by the Defendant, including the
28        property occupied by her parents.

7

32. On January 22, 2010, Defendant appeared and testified under oath at the initial Chapter 7, 11 U.S.C. §341(a) meeting of creditors ("Ch. 7 341 Meeting").

33. After being sworn at the Ch. 7 341 Meeting, Defendant testified as follows:

    a.   Defendant reviewed and signed the bankruptcy paperwork before it was filed with the Court

    b.   To the best of Defendant's knowledge the bankruptcy paperwork was accurate and complete.

34. On January 25, 2010, Defendant appeared and testified under oath at the continued Chapter 7, 11 U.S.C. §341(a) meeting of creditors ("January Ch. 7 341 Meeting").

35. At the January Ch. 7 341 Meeting, Defendant provided to trustee Stadtmueller a "341(a) Meeting of Creditors Questionnaire" ("341 Questionnaire"), which she completed, and in which Defendant declares under the penalty of perjury that the statements contained in the 341 Questionnaire are true and correct.

36. In response to question number one of the 341 Questionnaire, Defendant responded "yes" to the question: "I am represented by counsel and have reviewed my Petition, Schedules and Statement of Financial Affairs and they were explained to me by that counsel before I signed them?"

37. In response to question number eight of the 341 Questionnaire, Defendant responded "Yes" to the question: "Within four years of the filing of your bankruptcy have you made any payments, or transferred any property to any person or entity other than for regular monthly contract payments?".

38. In response to question number twelve of the 341

8

1  Questionnaire, Defendant responded "Yes" to the question: "Does
2  anyone and or any entity owe you any money?".

3      39.  At the January Ch. 7 341 Meeting, Defendant testified as
4  follows:

5          a.   Defendant understood that her testimony was under
6               penalty of perjury.

7          b.   In regards, to 341 Questionnaire, question 8,
8               Defendant testified there was a collection action
9               transferred that was previously listed on Schedule
10              B, line 18.  This is the only transfer Defendant
11              could recall that is responsive.

12         c.   Defendant has not had, in the past four years, any
13              interests in any other corporations, partnerships,
14              LPs or LLCs, other than those listed on Statement
15              of Financial Affairs, question number 18.

16         d.   In regards, to 341 Questionnaire, question 12,
17              Defendant testified that other than the amounts
18              listed on Schedule B, paragraphs 16, 18 and 21, no
19              other entity or person owed her money on the date
20              of the filing of the involuntary petition.

21         e.   Defendant is the beneficiary of the Wilt Road
22              Trust.

23         f.   Defendant testified that other than the eight
24              parcels of property listed on Schedule A, she did
25              not own any other real properties on the date of
26              the filing of the involuntary petition.

27  //
28  //

9

1  **Transfers to Ashurst Land & Cattle LLC**

2      40.   The United States Trustee is informed and believes that

3  Ashurst Land & Cattle LLC is a company wholly owned by Defendant's

4  parents, Ray Gray & Linda Gray.

5      41.   The United States Trustee is informed and believes that

6  the business address of Ashurst Land & Cattle LLC, is 2656 Vista De

7  Palomar, Fallbrook, CA 92028, which is real property owned by the

8  Defendant.

9      42.   The United States Trustee is informed and believes that

10 on or about November 7, 2007, Defendant transferred $40,000 to

11 Ashurst Land & Cattle LLC.

12     43.   The United States Trustee is informed and believes that

13 on or about May 13, 2008, Defendant transferred $6,000 to Ashurst

14 Land & Cattle LLC.

15 **Transfers and Loans to Pfau Pfau & Pfau LLC**

16     44.   The United States Trustee is informed and believes that

17 on or about September 13, 2005, Defendant transferred $705,107.75

18 to an escrow company for the benefit of Pfau Pfau & Pfau LLC.

19     45.   The United States Trustee is informed and believes that

20 on or about April 10, 2006, Defendant transferred $50,000 to Pfau

21 Pfau & Pfau LLC.

22     46.   The United States Trustee is informed and believes that

23 on or about May 1, 2006, Defendant transferred $250,000 to Pfau

24 Pfau & Pfau LLC.

25     47.   The United States Trustee is informed and believes that

26 on or about May 25, 2006, Defendant transferred $200,000 to Pfau

27 Pfau & Pfau LLC.

28     48.   The United States Trustee is informed and believes that

10

1  on or about April 30, 2007, Defendant transferred $100,000 to Pfau
2  Pfau & Pfau LLC.

3       49.   The United States Trustee is informed and believes that
4  on or about June 14, 2007, Defendant loaned $100,000 to Pfau Pfau
5  & Pfau LLC.

6       50.   The United States Trustee is informed and believes that
7  on or about September 11, 2007, Defendant transferred $100,000 to
8  Pfau Pfau & Pfau LLC.

9       51.   The United States Trustee is informed and believes that
10  on or about October 17, 2007, Defendant loaned $100,000 to Pfau
11  Pfau & Pfau LLC.

12       52.   The United States Trustee is informed and believes that
13  on or about November 7, 2007, Defendant loaned $100,000 to Pfau
14  Pfau & Pfau LLC.

15       53.   The United States Trustee is informed and believes that
16  on or about January 11, 2008, Defendant transferred $25,000 to Pfau
17  Pfau & Pfau LLC.

18       54.   The United States Trustee is informed and believes that
19  on or about September 25, 2008, Defendant transferred $10,000 to
20  Pfau Pfau & Pfau LLC.

21       55.   The United States Trustee is informed and believes that
22  Pfau Pfau & Pfau LLC is a company wholly owned by the Defendant's
23  father, Ray Gray.

24  **Transfers and Loans to Defendant's Father**

25       56.   The United States Trustee is informed and believes that
26  on or about September 13, 2005, Defendant transferred $294,892.25
27  to her father, Ray Gray.

28       57.   The United States Trustee is informed and believes that

11

on or about December 22, 2005, Defendant transferred \$275,000 to
her father, Ray Gray.

58.  The United States Trustee is informed and believes that
on or about January 26, 2006, Defendant transferred \$200,000 to her
father, Ray Gray.

59.  The United States Trustee is informed and believes that
on or about May 17, 2006, Defendant transferred \$100,000 to Express
Escrow Co. for the benefit of her father, Ray Gray.

60.  The United States Trustee is informed and believes that
on or about May 17, 2006, Defendant transferred \$200,000 to her
father, Ray Gray.

61.  The United States Trustee is informed and believes that
on or about June 8, 2006, Defendant transferred \$100,000 to her
father, Ray Gray.

62.  The United States Trustee is informed and believes that
on or about May 1, 2007, Defendant loaned \$100,000 to her father,
Ray Gray.

63.  The United States Trustee is informed and believes that
on or about May 18, 2007, Defendant transferred \$110,000 to her
father, Ray Gray.

64.  The United States Trustee is informed and believes that
on or about August 31, 2007, Defendant transferred \$300,000 to
Stewart Title for the benefit of her father, Ray Gray.

**Transfers for 700 Atterbury Property**

65.  The United States Trustee is informed and believes that
on or about August 6, 2007, Defendant transferred \$100,000 to First
American Title for escrow on the property known as "700 Atterbury,
San Marcos".

12

1    66. The United States Trustee is informed and believes that
2    on or about November 7, 2007, Defendant transferred $10,000 to
3    First American Title for escrow on the property known as "700
4    Atterbury, San Marcos".

5    67. The United States Trustee is informed and believes that
6    on or about January 11, 2008, Defendant transferred $11,000 to
7    First American Title for escrow on the property known as "700
8    Atterbury, San Marcos".

9    **Undisclosed Accounts**

10   68. The United States Trustee is informed and believes that
11   in  October 2008, Defendant maintained a checking account for her
12   business TNT Hair Design, at Union Bank of California.

13   69. The United States Trustee is informed and believes that
14   in October 2008, Defendant maintained a bank account with Union
15   Bank of California (7541).

16   70. The United States Trustee is informed and believes that
17   in October 2008, Defendant maintained a bank account with Temecula
18   Valley Bank (8641).

19   71. The United States Trustee is informed and believes that
20   in October 2008, Defendant maintained a bank account with Canyon
21   National Bank (2376).

22   72. The United States Trustee is informed and believes that
23   in October 2008, Defendant maintained a bank account with San Diego
24   County Credit Union.

25   73. The United States Trustee is informed and believes that
26   on October 28, 2008, Defendant had a deposit CD with San Diego
27   County Credit Union in the amount of $25,000.

28   74. The United States Trustee is informed and believes that

13

1  Defendant maintained a bank account with Pacific Western Bank
2  (4323), which account was closed in May 2008.

3      75.   The United States Trustee is informed and believes that
4  in October 2008, Defendant maintained an account with AG Edwards
5  (7599).

6  **Undisclosed Property/Transfers to Kona Brothers Coffee LLC**

7      76.   The United States Trustee is informed and believes that
8  on or about October 16, 2008, Defendant, for no consideration,
9  assigned a Deed of Trust, secured by real property in San Marcos,
10 California (A.P.N.: 222-350-27-00) ("the San Marcos Deed") to Kona
11 Brothers Coffee LLC.

12     77.   The United States Trustee is informed and believes that
13 the San Marcos Deed secured a loan in the face amount of \$284,000.
14     78.   The United States Trustee is informed and believes that
15 the San Marcos property was sold by Defendant in January 2008 for
16 \$420,000.

17     79. The United States Trustee is informed and believes that
18 on or about October 23, 2008, Defendant transferred \$75,000 to Kona
19 Brothers Coffee LLC.

20     80.   The United States Trustee is informed and believes that
21 on October 28, 2008, Defendant owned a piece of real property
22 identified as APN #811-030-018.

23     81.   The United States Trustee is informed and believes that
24 in February 2009, Defendant transferred a piece of real property
25 (APN #811-030-018) to Kona Brothers Coffee LLC.

26 //
27 //
28 //

14

1  **Additional Undisclosed Property**

2      82.   The United States Trustee is informed and believes that
3  in December 2008, Defendant deeded a piece of real property to the
4  Harmon Trust, recorded with the Riverside County recorder as Doc.
5  2008-0646196.

6      83.   The United States Trustee is informed and believes that
7  on October 28, 2008, Defendant owned a piece of real property
8  identified as APN #659-220-005.

9      84.   The United States Trustee is informed and believes that
10 on or about July 16, 2009, Defendant deeded a piece of real
11 property (APN: 659-220-005) to Panoche Valley LLC, recorded with
12 the Riverside County recorder as Doc. 2009-0367946.

13     85.   The United States Trustee is informed and believes that
14 on October 28, 2008, Defendant owned a piece of real property
15 identified as APN #326-193-024.

16     86.   The United States Trustee is informed and believes that
17 on or about July 16, 2009, Defendant deeded a piece of real
18 property (APN: 326-193-024) to Panoche Valley LLC, recorded with
19 the Riverside County recorder as Doc. 2009-0367947.

20     87.   Plaintiff is informed and believes that on or about April
21 6, 2009, Defendant transferred certain real property identified by
22 document #2009-0166699 with the Riverside County Recorder's Office
23 to De Luz Real Estate Inc.

24     88.   The United States Trustee is informed and believes that
25 in October 2008, Defendant was the beneficiary of The 1620 Wilt
26 Road Trust, No. 200801461, Dated 02/01/2008.

27 //

28 //

15

1                        **CLAIMS FOR RELIEF**

2                      **FIRST CAUSE OF ACTION**

3          **DENIAL OF DISCHARGE 11 U.S.C. §727(a)(2)**

4                       **(Concealment of Loans)**

5          89.   Plaintiff incorporates by reference paragraphs 1

6    through 88 above, inclusive, as though fully set forth herein.

7          90.   The Initial Documents included a "Declaration

8    Concerning Debtor's Schedules", which Defendant executed and

9    which affirmed under penalty of perjury that the information in

10   Schedules A-J was true and correct.  The Initial Documents also

11   included a "Declaration Under Penalty of Perjury by Individual

12   Debtor", which Defendant executed and which affirmed under

13   penalty of perjury that the information in Statement of

14   Financial Affairs, and any attachments thereto, was true and

15   correct.  The Debtor testified at her meeting of creditors that

16   she listed all of her assets in her bankruptcy papers.

17         91.   Plaintiff is informed and believes that on or about

18   June 24, 2007, the Debtor loaned $100,000 to Pfau Pfau & Pfau

19   LLC.

20         92.   Plaintiff is informed and believes that on or about

21   October 17, 2007, the Debtor loaned $100,000 to Pfau Pfau & Pfau

22   LLC.

23         93.   Plaintiff is informed and believes that on or about

24   November 7, 2007, the Debtor loaned $100,000 to Pfau Pfau & Pfau

25   LLC.

26         94.   Plaintiff is informed and believes that on or about

27   May 1, 2007, the Debtor loaned $100,000 to her father, Ray Gray.

28         95.   The Debtor did not list these loans or accounts

                              16

1  receivable on her Schedule B or any amendments thereto.

2      96.   The Debtor, with intent to hinder, delay, or defraud a
3  creditor or an officer of the estate charged with custody of
4  property under title 11, concealed, or permitted to be
5  concealed, the loans in the total amount of $400,000, which were
6  property of the Debtor, within one year before the date of the
7  filing of the petition.

8      97.   Alternatively, the Debtor, with intent to hinder,
9  delay, or defraud a creditor or an officer of the estate charged
10  with custody of property under title 11, concealed, or permitted
11  to be concealed, the loans in the total amount of $400,000,
12  which were property of the estate, after the date of the filing
13  of her petition.

14      98.   Plaintiff therefore objects to the discharge of the
15  Debtor pursuant to 11 U.S.C. Section 727(a)(2).

16                   **SECOND CAUSE OF ACTION**

17          **DENIAL OF DISCHARGE 11 U.S.C. §727(a)(2)**

18              **(Concealment/Transfer of Property)**

19      99.   Plaintiff incorporates by reference paragraphs 1
20  through 88 above, inclusive, as though fully set forth herein.

21      100. The Initial Documents included a "Declaration
22  Concerning Debtor's Schedules", which Defendant executed and
23  which affirmed under penalty of perjury that the information in
24  Schedules A-J was true and correct.  The Initial Documents also
25  included a "Declaration Under Penalty of Perjury by Individual
26  Debtor", which Defendant executed and which affirmed under
27  penalty of perjury that the information in Statement of
28  Financial Affairs, and any attachments thereto, was true and

                              17

1   correct.   The Debtor testified at her meeting of creditors that
2   she listed all of her assets in her bankruptcy papers.

3       101. Plaintiff is informed and believes that in December
4   2008, Defendant deeded a piece of real property to the Harmon
5   Trust, recorded with the Riverside County recorder as document
6   number 2008-0646196 (the "Riverside County Property").

7       102.   The Debtor did not list this property on her Schedule
8   B, Statement of Financial Affairs, or any amendments thereto.

9       103.   The Debtor, with intent to hinder, delay, or defraud
10  a creditor or an officer of the estate charged with custody of
11  property under title 11, concealed, or permitted to be
12  concealed, and transferred, or permitted to be transferred, the
13  Riverside County Property, which was property of the Debtor,
14  within one year before the date of the filing of the petition.

15      104.   Alternatively, the Debtor, with intent to hinder,
16  delay, or defraud a creditor or an officer of the estate charged
17  with custody of property under title 11, concealed, or permitted
18  to be concealed, and transferred, or permitted to be
19  transferred, the Riverside County Property, which was property
20  of the estate, after the date of the petition.

21      105.   Plaintiff therefore objects to the discharge of the
22  Debtor pursuant to 11 U.S.C. Section 727(a)(2).

23                  **THIRD CAUSE OF ACTION**

24          **DENIAL OF DISCHARGE 11 U.S.C. §727(a)(2)**

25              **(Concealment/Transfer of Property)**

26      106.   Plaintiff incorporates by reference paragraphs 1
27  through 88 above, inclusive, as though fully set forth herein.
28      107. The Initial Documents included a "Declaration

18

1    Concerning Debtor's Schedules", which Defendant executed and
2    which affirmed under penalty of perjury that the information in
3    Schedules A-J was true and correct.  The Initial Documents also
4    included a "Declaration Under Penalty of Perjury by Individual
5    Debtor", which Defendant executed and which affirmed under
6    penalty of perjury that the information in Statement of
7    Financial Affairs, and any attachments thereto, was true and
8    correct.  The Debtor testified at her meeting of creditors that
9    she listed all of her assets in her bankruptcy papers.

10        108. Plaintiff is informed and believes that on or about
11   April 6, 2009, Defendant transferred certain real property
12   identified by document #2009-0166699 with the Riverside County
13   Recorder's Office to De Luz Real Estate Inc.

14        109.  The Debtor did not list this property on her Schedule
15   B, Statement of Financial Affairs or any amendments thereto.

16        110.  The Debtor, with intent to hinder, delay, or defraud
17   a creditor or an officer of the estate charged with custody of
18   property under title 11, concealed, or permitted to be
19   concealed, and transferred, or permitted to be transferred, this
20   property, which was property of the Debtor, and its transfer
21   within one year before the date of the filing of the petition.

22        111.  Alternatively, the Debtor, with intent to hinder,
23   delay, or defraud a creditor or an officer of the estate charged
24   with custody of property under title 11, concealed, or permitted
25   to be concealed, and transferred or permitted to be transferred,
26   this property, which was property of the estate, after the date
27   of the petition.

28        112.  Plaintiff therefore objects to the discharge of the

19

1  Debtor pursuant to 11 U.S.C. Section 727(a)(2).

2                    **FOURTH CAUSE OF ACTION**

3           **DENIAL OF DISCHARGE 11 U.S.C. §727(a)(2)**

4                **(Concealment/Transfer of Property)**

5       113. Plaintiff incorporates by reference paragraphs 1

6  through 88 above, inclusive, as though fully set forth herein.

7       114. The Initial Documents included a "Declaration

8  Concerning Debtor's Schedules", which Defendant executed and

9  which affirmed under penalty of perjury that the information in

10  Schedules A-J was true and correct.  The Initial Documents also

11  included a "Declaration Under Penalty of Perjury by Individual

12  Debtor", which Defendant executed and which affirmed under

13  penalty of perjury that the information in Statement of

14  Financial Affairs, and any attachments thereto, was true and

15  correct.  The Debtor testified at her meeting of creditors that

16  she listed all of her assets in her bankruptcy papers.

17       115. United States Trustee is informed and believes that on

18  October 28, 2008, Defendant owned a piece of real property

19  identified as APN #659-220-005.

20       116.  The United States Trustee is informed and believes

21  that  on or about July 16, 2009, Defendant deeded a piece of

22  real property (APN: 659-220-005) to Panoche Valley LLC, recorded

23  with the Riverside County recorder as Doc. 2009-0367946.

24       117.  The United States Trustee is informed and believes

25  that on October 28, 2008, Defendant owned a piece of real

26  property identified as APN #326-193-024.

27       118.  The United States Trustee is informed and believes

28  that  on or about July 16, 2009, Defendant deeded a piece of

                              20

1    real property (APN: 326-193-024) to Panoche Valley LLC, recorded
2    with the Riverside County recorder as Doc. 2009-0367947.

3         119.   The Debtor did not list these properties on her
4    Schedule B or any amendments thereto.

5         120.   The Debtor, with intent to hinder, delay, or defraud
6    a creditor or an officer of the estate charged with custody of
7    property under title 11, concealed, or permitted to be
8    concealed, and transferred, or permitted to be transferred, this
9    property, which were property of the Debtor, and its transfer
10   within one year before the date of the filing of the petition.

11        121.   Alternatively, the Debtor, with intent to hinder,
12   delay, or defraud a creditor or an officer of the estate charged
13   with custody of property under title 11, concealed, or permitted
14   to be concealed, and transferred or permitted to be transferred,
15   these properties, which were property of the estate, after the
16   date of the petition.

17        122.   Plaintiff therefore objects to the discharge of the
18   Debtor pursuant to 11 U.S.C. Section 727(a)(2).

19                      **FIFTH CAUSE OF ACTION**

20            **DENIAL OF DISCHARGE 11 U.S.C. §727(a)(2)**

21                **(Concealment/Transfer of Property)**

22        123. Plaintiff incorporates by reference paragraphs 1
23   through 88 above, inclusive, as though fully set forth herein.

24        124. The Initial Documents included a "Declaration
25   Concerning Debtor's Schedules", which Defendant executed and
26   which affirmed under penalty of perjury that the information in
27   Schedules A-J was true and correct.  The Initial Documents also
28   included a "Declaration Under Penalty of Perjury by Individual

                              21

1  Debtor", which Defendant executed and which affirmed under
2  penalty of perjury that the information in Statement of
3  Financial Affairs, and any attachments thereto, was true and
4  correct.  The Debtor testified at her meeting of creditors that
5  she listed all of her assets in her bankruptcy papers.

6       125. Plaintiff is informed and believes that on or about
7  October 28, 2008, Defendant owned a piece of real property
8  identified as A.P.N. # 811-030-018.

9       126.  The United States Trustee is further informed and
10  believes that in February 2009, Defendant transferred a piece of
11  real property (APN #811-030-018) to Kona Brothers Coffee LLC.

12       127.  The Debtor did not list this real property on her
13  Schedule B or any amendments thereto.

14       128.  The Debtor did not list this property as any type of
15  transfer on the Debtor's Statement of Financial Affairs or any
16  amendments thereto.

17       129.  The Debtor, with intent to hinder, delay, or defraud
18  a creditor or an officer of the estate charged with custody of
19  property under title 11, concealed, or permitted to be
20  concealed, and transferred, or permitted to be transferred, this
21  property, which was property of the Debtor within one year
22  before the date of the filing of the petition.

23       130.  Alternatively, the Debtor, with intent to hinder,
24  delay, or defraud a creditor or an officer of the estate charged
25  with custody of property under title 11, concealed, or permitted
26  to be concealed, and transferred, or permitted to be
27  transferred, this property, which was property of the estate,
28  after the date of the petition.

22

1    131.   Plaintiff therefore objects to the discharge of the

2   Debtor pursuant to 11 U.S.C. Section 727(a)(2).

3                         **SIXTH CAUSE OF ACTION**

4            **DENIAL OF DISCHARGE 11 U.S.C. §727(a)(2)**

5                        **(Concealment of Property)**

6    132.   Plaintiff incorporates by reference paragraphs 1

7   through 88 above, inclusive, as though fully set forth herein.

8    133. The Initial Documents included a "Declaration

9   Concerning Debtor's Schedules", which Defendant executed and

10   which affirmed under penalty of perjury that the information in

11   Schedules A-J was true and correct.   The Initial Documents also

12   included a "Declaration Under Penalty of Perjury by Individual

13   Debtor", which Defendant executed and which affirmed under

14   penalty of perjury that the information in Statement of

15   Financial Affairs, and any attachments thereto, was true and

16   correct.   The Debtor testified at her meeting of creditors that

17   she listed all of her assets in her bankruptcy papers.

18    134. The Defendant admitted that she cosigned for a loan

19   from Bank of the West for Ashurst Land & Cattle [LLC] and that

20   cattle were purchased with that loan as an investment.

21    135. The Defendant testified that she believes the cattle

22   still exist and the cattle may be on the Defendant's property.

23    136. Defendant testified she had no relationship with

24   Ashurst Land & Cattle.

25    137.   The Debtor did not list the cattle or the investment

26   therein on her Schedule B or any amendments thereto.

27    138.   The Debtor, with intent to hinder, delay, or defraud

28   a creditor or an officer of the estate charged with custody of

23

1 property under title 11, concealed, or permitted to be
2 concealed, these cattle or the investment therein, which were
3 property of the Debtor within one year before the date of the
4 filing of the petition.

5      139.  Alternatively, the Debtor, with intent to hinder,
6 delay, or defraud a creditor or an officer of the estate charged
7 with custody of property under title 11, concealed, or permitted
8 to be concealed, these cattle or the investment therein, which
9 were property of the estate, after the date of the petition.

10     140.  Plaintiff therefore objects to the discharge of the
11 Debtor pursuant to 11 U.S.C. Section 727(a)(2).

12                    **SEVENTH CAUSE OF ACTION**

13           **DENIAL OF DISCHARGE 11 U.S.C. §727(a)(2)**

14                    **(Concealment of Accounts)**

15     141. Plaintiff incorporates by reference paragraphs 1
16 through 88 above, inclusive, as though fully set forth herein.

17     142. The Initial Documents included a "Declaration
18 Concerning Debtor's Schedules", which Defendant executed and
19 which affirmed under penalty of perjury that the information in
20 Schedules A-J was true and correct.  The Initial Documents also
21 included a "Declaration Under Penalty of Perjury by Individual
22 Debtor", which Defendant executed and which affirmed under
23 penalty of perjury that the information in Statement of
24 Financial Affairs, and any attachments thereto, was true and
25 correct.  The Debtor testified at her meeting of creditors that
26 she listed all of her assets in her bankruptcy papers.

27     143. As of the filing date of her petition, the Defendant
28 owned a checking account for TNT Hair Design at Union Bank of

24

1  California.

2        144. As of the filing date of her petition, the Defendant

3  owned a bank account ending in 7541 at Union Bank of California.

4        145. As of the filing date of her petition, the Defendant

5  owned a bank account ending in 8641 at Temecula Valley Bank.

6        146. As of the filing date of her petition, the Defendant

7  owned a bank account ending in 2376 at Canyon National Bank.

8        147. As of the filing date of her petition, the Defendant

9  had a certificate of deposit with San Diego County Credit Union

10  in the amount of $25,000.

11        148. As of the filing date of her petition, the Defendant

12  had an account with AG Edwards ending in 7599.

13        149.   The Debtor did not list these accounts on her

14  Schedule B or any amendments thereto.  The Debtor did not list

15  these accounts as closed on her Statement of Financial Affairs,

16  question no. 11.

17        150.   The Debtor, with intent to hinder, delay, or defraud

18  a creditor or an officer of the estate charged with custody of

19  property under title 11, concealed, or permitted to be

20  concealed, these accounts, which were property of the Debtor

21  within one year before the date of the filing of the petition.

22        151.   Alternatively, the Debtor, with intent to hinder,

23  delay, or defraud a creditor or an officer of the estate charged

24  with custody of property under title 11, concealed, or permitted

25  to be concealed, these accounts, which were property of the

26  estate, and after the date of the petition.

27        152.   Plaintiff therefore objects to the discharge of the

28  Debtor pursuant to 11 U.S.C. Section 727(a)(2).

25

1

**EIGHTH CAUSE OF ACTION**

2

**DENIAL OF DISCHARGE 11 U.S.C. §727(a)(2)**

3

**(Concealment of Property)**

4   153.   Plaintiff incorporates by reference paragraphs 1

5   through 88 above, inclusive, as though fully set forth herein.

6   154. The Initial Documents included a "Declaration

7   Concerning Debtor's Schedules", which Defendant executed and

8   which affirmed under penalty of perjury that the information in

9   Schedules A-J was true and correct.  The Initial Documents also

10  included a "Declaration Under Penalty of Perjury by Individual

11  Debtor", which Defendant executed and which affirmed under

12  penalty of perjury that the information in Statement of

13  Financial Affairs, and any attachments thereto, was true and

14  correct.  The Debtor testified at her meeting of creditors that

15  she listed all of her assets in her bankruptcy papers.

16  155. As of October 2008, Defendant was a beneficiary of the

17  1620 Wilt Road Trust, No. 200801461, Dated 02/01/2008.

18  156.   The Debtor did not list her interest in this trust on

19  her Schedule B or any amendments thereto.

20  157.   The Debtor, with intent to hinder, delay, or defraud

21  a creditor or an officer of the estate charged with custody of

22  property under title 11, concealed, or permitted to be

23  concealed, her interest in this trust, which was property of the

24  Debtor within one year before the date of the filing of the

25  petition.

26  158.   Alternatively, the Debtor, with intent to hinder,

27  delay, or defraud a creditor or an officer of the estate charged

28  with custody of property under title 11, concealed, or permitted

26

1 | to be concealed, her interest in this trust, which was property
2 | of the estate, after the date of the petition.

3 |     159.   Plaintiff therefore objects to the discharge of the
4 | Debtor pursuant to 11 U.S.C. Section 727(a)(2).

5 |                     **NINTH CAUSE OF ACTION**

6 |          **DENIAL OF DISCHARGE 11 U.S.C. §727(a)(2)**

7 |                     **(Transfer of Property)**

8 |     160.   Plaintiff incorporates by reference paragraphs 1
9 | through 88 above, inclusive, as though fully set forth herein.

10 |     161.   The United States Trustee is informed and believes
11 | that certain real property in San Marcos, California (A.P.N.:
12 | 222-350-27-00) was sold by Defendant in January 2008 for
13 | $420,000.

14 |     162.   The United States Trustee is informed and believes
15 | that on or about October 16, 2008, Defendant, for no
16 | consideration, assigned a Deed of Trust, secured by the real
17 | property in San Marcos, California (A.P.N.: 222-350-27-00) ("the
18 | San Marcos Deed") to Kona Brothers Coffee LLC.

19 |     163.   The United States Trustee is informed and believes
20 | that the San Marcos Deed secured a loan in the face amount of
21 | $284,000.

22 |     164.   The Initial Documents included a "Declaration
23 | Concerning Debtor's Schedules", which Defendant executed and
24 | which affirmed under penalty of perjury that the information in
25 | Schedules A-J was true and correct.   The Initial Documents also
26 | included a "Declaration Under Penalty of Perjury by Individual
27 | Debtor", which Defendant executed and which affirmed under
28 | penalty of perjury that the information in Statement of

27

1   Financial Affairs, and any attachments thereto, was true and
2   correct.   The Debtor did not disclose the transfer of the San
3   Marcos Deed on her Statement of Financial Affairs or any
4   amendments thereto.

5        165.   The Debtor, with intent to hinder, delay, or defraud
6   a creditor or an officer of the estate charged with custody of
7   property under title 11, concealed, or permitted to be
8   concealed, and transferred, or permitted to be transferred, her
9   interest in the San Marcos Deed and the real property in San
10  Marcos, California (A.P.N.: 222-350-27-00), which was property
11  of the Debtor, within one year before the date of the filing of
12  the petition.

13       166.   Alternatively, the Debtor, with intent to hinder,
14  delay, or defraud a creditor or an officer of the estate charged
15  with custody of property under title 11, concealed, or permitted
16  to be concealed, and transferred, or permitted to be
17  transferred, her interest in the San Marcos Deed and the real
18  property in San Marcos, California (A.P.N.: 222-350-27-00),
19  which was property of the estate, after the date of the
20  petition.

21       167.   Plaintiff therefore objects to the discharge of the
22  Debtor pursuant to 11 U.S.C. Section 727(a)(2).

23                    **TENTH CAUSE OF ACTION**
24          **DENIAL OF DISCHARGE 11 U.S.C. §727(a)(4)**
25                       **(False Oath)**

26       168.   Plaintiff incorporates by reference paragraphs 1
27  through 88 above, inclusive, as though fully set forth herein.
28       169. The Initial Documents included a "Declaration

28

1  Concerning Debtor's Schedules", which Defendant executed and
2  which affirmed under penalty of perjury that the information in
3  Schedules A-J was true and correct.  The Initial Documents also
4  included a "Declaration Under Penalty of Perjury by Individual
5  Debtor", which Defendant executed and which affirmed under
6  penalty of perjury that the information in Statement of
7  Financial Affairs, and any attachments thereto, was true and
8  correct.

9       170. Defendant stated under oath on Statement of Financial
10  Affairs, No. 3c, that no payments were made within one year
11  immediately preceding the Petition Date to or for the benefit of
12  creditors who are or were insiders.

13      171.        Plaintiff is informed and believes that the
14  Defendant made the following transfers or payments to insiders:
15              a.   On November 7, 2007, Defendant transferred
16                   $40,000 to Ashurst Land & Cattle LLC;
17              b.   On May 13, 2008, Defendant transferred $6,000 to
18                   Ashurst Land & Cattle LLC;
19              c.   On November 7, 2007, Defendant loaned $100,000 to
20                   Pfau Pfau & Pfau LLC;
21              d.   On January 11, 2008, Defendant transferred
22                   $25,000 to Pfau Pfau & Pfau LLC;
23              e.   On September 25, 2008, Defendant transferred
24                   $10,000 to Pfau Pfau & Pfau LLC;
25              f.   On October 23, 2008, Defendant transferred
26                   $75,000 to Kona Brothers Coffee LLC.

27      172. Defendant falsely stated under oath on Statement of
28  Financial Affairs, No. 3c, that no payments were made within one

29

1  year immediately preceding the Petition Date to creditors who
2  were insiders, when in actuality Defendant had transferred the
3  funds listed above.

4      173. Consequently Defendant, knowingly and fraudulently,
5  and under penalty of perjury, falsely affirmed on her
6  "Declaration Under Penalty of Perjury by Individual Debtor",
7  that the information contained in the Statement of Financial
8  Affairs was true and correct.

9      174. Plaintiff therefore objects to the discharge of
10  Defendant pursuant to 11 U.S.C. §727(a)(4).

11              **ELEVENTH CAUSE OF ACTION**

12      **DENIAL OF DISCHARGE 11 U.S.C. §727(a)(4)**

13                  **(False Oath)**

14      175.  Plaintiff incorporates by reference paragraphs 1
15  through 88 above, inclusive, as though fully set forth herein.

16      176. The Initial Documents included a "Declaration
17  Concerning Debtor's Schedules", which Defendant executed and
18  which affirmed under penalty of perjury that the information in
19  Schedules A-J was true and correct.  The Initial Documents also
20  included a "Declaration Under Penalty of Perjury by Individual
21  Debtor", which Defendant executed and which affirmed under
22  penalty of perjury that the information in Statement of
23  Financial Affairs, and any attachments thereto, was true and
24  correct.

25      177. Defendant stated under oath on Statement of Financial
26  Affairs, No. 10, that no property was transferred either
27  absolutely or as security within two years immediately preceding
28  the Petition Date other than property transferred in the

30

1   ordinary course of the business or financial affairs of the
2   debtor.

3       178.   Defendant stated under oath on her Schedule B that
4   her only two business interests were in TNT Hair Design and
5   Desert Aire LLC.  Furthermore, Defendant stated under oath on
6   Statement of Financial Affairs, No. 18, her only two businesses
7   in the six years before the Petition Date were TNT Hair Design
8   and Desert Aire LLC.

9       179. Plaintiff is informed and believes that the Defendant
10  made the following transfers:

11          a.   On November 7, 2007, Defendant transferred
12               $40,000 to Ashurst Land & Cattle LLC;
13          b.   On May 13, 2008, Defendant transferred $6,000 to
14               Ashurst Land & Cattle LLC;
15          c.   On April 30, 2007, Defendant transferred $100,000
16               to Pfau Pfau & Pfau LLC;
17          d.   On June 14, 2007, Defendant loaned $100,000 to
18               Pfau Pfau & Pfau LLC;
19          e.   On September 11, 2007, Defendant transferred
20               $100,000 to Pfau Pfau & Pfau LLC;
21          f.   On October 17, 2007, Defendant loaned $100,000 to
22               Pfau Pfau & Pfau LLC;
23          g.   On November 7, 2007, Defendant loaned $100,000 to
24               Pfau Pfau & Pfau LLC;
25          h.   On January 11, 2008, Defendant transferred
26               $25,000 to Pfau Pfau & Pfau LLC;
27          i.   On September 25, 2008, Defendant transferred
28               $10,000 to Pfau Pfau & Pfau LLC;

31

|  |  |  |
|---|---|---|
| 1 | j. | On May 18, 2007, Defendant transferred $110,000 |
| 2 | | to her father, Ray Gray; |
| 3 | k. | On August 31, 2007, Defendant transferred |
| 4 | | $300,000 to Stewart Title for the benefit of her |
| 5 | | father, Ray Gray; |
| 6 | l. | On August 6, 2007, Defendant transferred $100,000 |
| 7 | | to First American Title for escrow on the real |
| 8 | | property described as 700 Atterbury, San Marcos; |
| 9 | m. | On November 7, 2007, Defendant transferred |
| 10 | | $10,000 to First American Title for escrow on the |
| 11 | | real property described as 700 Atterbury, San |
| 12 | | Marcos; |
| 13 | n. | On January 11, 2008, Defendant transferred |
| 14 | | $11,000 to First American Title for escrow on the |
| 15 | | real property commonly known as 700 Atterbury, |
| 16 | | San Marcos; |
| 17 | o. | On October 23, 2008, Defendant transferred |
| 18 | | $75,000 to Kona Brothers Coffee LLC. |

180. Defendant falsely stated under oath on Statement of Financial Affairs, No. 10, that no property was transferred either absolutely or as security within two years immediately preceding the Petition Date outside the ordinary course of business or financial affairs of the debtor, when in actuality Defendant had transferred the property and funds listed above.

181. Alternatively, Defendant falsely stated under oath on her Schedule B and her Statement of Financial Affairs, No. 18, that her only business interests were in TNT Hair Salon and Desert Aire LLC.

32

1   182.  Consequently Defendant, knowingly and fraudulently,

2   and under penalty of perjury, falsely affirmed on her

3   "Declaration Under Penalty of Perjury by Individual Debtor",

4   that the information contained in the Statement of Financial

5   Affairs was true and correct.

6   183. Plaintiff therefore objects to the discharge of

7   Defendant pursuant to 11 U.S.C. §727(a)(4).

8                    **TWELFTH CAUSE OF ACTION**

9        **DENIAL OF DISCHARGE 11 U.S.C. §727(a)(4)**

10                       **(False Oath)**

11  184.  Plaintiff incorporates by reference paragraphs 1

12  through 88 above, inclusive, as though fully set forth herein.

13  185. On January 25, 2010, Defendant appeared and testified

14  under oath at the continued Chapter 7, 11 U.S.C. §341(a) meeting

15  of creditors ("January Ch. 7 341 Meeting").

16  186.  At the January Ch. 7 341 Meeting, Defendant provided

17  to trustee Stadtmueller a "341(a) Meeting of Creditors

18  Questionnaire" ("341 Questionnaire"), which she completed, and

19  in which Defendant declares under the penalty of perjury that

20  the statements contained in the 341 Questionnaire are true and

21  correct.

22  187.  In response to question number one of the 341

23  Questionnaire, Defendant responded "yes" to the question: "I am

24  represented by counsel and have reviewed my Petition, Schedules

25  and Statement of Financial Affairs and they were explained to me

26  by that counsel before I signed them?"

27  188.  In response to question number eight of the 341

28  Questionnaire, Defendant responded "Yes" to the question:

33

 1  "Within four years of the filing of your bankruptcy have you

 2  made any payments, or transferred any property to any person or

 3  entity other than for regular monthly contract payments?".

 4        189.  At the January Ch. 7 341 Meeting, Defendant testified

 5  as follows:

 6        a.    Defendant understood that her testimony was under

 7              penalty of perjury.

 8        b.    In regards, to 341 Questionnaire, question 8,

 9              Defendant testified there was a collection action

10              transferred that was previously listed on

11              Schedule B, line 18.  This is the only transfer

12              Defendant could recall that was responsive.

13        190. Plaintiff is informed and believes that the Defendant

14  made the following transfers:

15        a.    On or about April 6, 2009, transfer to De Luz

16              Real Estate Inc.;

17        b.    On or about July 2009, transfer to Kona Brothers

18              Coffee LLC;

19        c.    On or about July 2009, transfer of two (2) pieces

20              of real property to Panoche Valley LLC;

21        d.    On or about November 7, 2007, transfer of $40,000

22              to Ashurst Land & Cattle LLC;

23        e.    On or about May 13, 2008, transfer of $6,000 to

24              Ashurst Land & Cattle LLC;

25        f.    On or about September 13, 2005, transfer of

26              $705,107.75 to an escrow company for the benefit

27              of Pfau Pfau & Pfau LLC;

28        g.    On or about April 10, 2006, transfer of $50,000

34

```
1                            to Pfau Pfau & Pfau LLC;
2              h.    On or about May 1, 2006, transfer of $250,000 to
3                    Pfau Pfau & Pfau LLC;
4              i.    On or about May 25, 2006, transfer of $200,000 to
5                    Pfau Pfau & Pfau LLC;
6              j.    On or about April 30, 2007, transfer of $100,000
7                    to Pfau Pfau & Pfau LLC;
8              k.    On or about June 14, 2007, loan of $100,000 to
9                    Pfau Pfau & Pfau LLC;
10             l.    On or about September 11, 2007, transfer of
11                   $100,000 to Pfau Pfau & Pfau LLC;
12             m.    On or about October 17, 2007, loan of $100,000 to
13                   Pfau Pfau & Pfau LLC;
14             n.    On or about November 7, 2007, loan of $100,000 to
15                   Pfau Pfau & Pfau LLC;
16             o.    On or about January 11, 2008,transfer of $25,000
17                   to Pfau Pfau & Pfau LLC;
18             p.    On or about September 25, 2008, transfer of
19                   $10,000 to Pfau Pfau & Pfau LLC;
20             q.    On or about September 13, 2005, transfer of
21                   $294,892.25 to Defendant's father, Ray Gray;
22             r.    On or about December 22, 2005, transfer of
23                   $275,000 to Defendant's father, Ray Gray;
24             s.    On or about January 26, 2006, transfer of
25                   $200,000 to Defendant's father, Ray Gray;
26             t.    On or about May 17, 2006, transfer of $100,000 to
27                   Express Escrow Co. for the benefit of Defendant's
28                   father, Ray Gray;
```

35

1            u.    On or about May 17, 2006, transfer of \$200,000 to

2                Defendant's father, Ray Gray;

3            v.    On or about June 8, 2006, transfer of \$100,000 to

4                Defendant's father, Ray Gray;

5            w.    On or about May 1, 2007, loan of \$100,000 to

6                Defendant's father, Ray Gray;

7            x.    On or about May 18, 2007, transfer of \$110,000 to

8                Defendant's father, Ray Gray;

9            y.    On or about August 31, 2007, transfer of \$300,000

10                to Stewart Title for the benefit of Defendant's

11                father, Ray Gray;

12            z.    On or about August 6, 2007, transfer of \$100,000

13                to First American Title for escrow on the

14                property known as "700 Atterbury, San Marcos";

15           aa.   On or about November 7, 2007, transfer of \$10,000

16                to First American Title for escrow on the

17                property known as "700 Atterbury, San Marcos";

18           bb.   On or about January 11, 2008, transfer of \$11,000

19                to First American Title for escrow on the

20                property known as "700 Atterbury, San Marcos";

21           cc.   On or about October 23, 2008, transfer of \$75,000

22                to Kona Brothers Coffee LLC;

23           dd.   On or about December 2008, transfer of a piece of

24                real property to the Harmon Trust, recorded with

25                the Riverside County recorder as Doc.

26                2008-0646196.

27       191. Defendant falsely stated under oath in her response to

28  question number 8 on the 341 Questionnaire and her testimony at

1  her creditor meeting that the only responsive transfer was a
2  collection action previously listed on Schedule B, line 18.

3       192.   Consequently Defendant, knowingly and fraudulently,
4  and under penalty of perjury, falsely affirmed her 341
5  Questionnaire and in knowingly and fraudulently testified under
6  oath at her creditor meeting, that the information contained
7  therein was true and correct.

8       193. Plaintiff therefore objects to the discharge of
9  Defendant pursuant to 11 U.S.C. §727(a)(4).

10                 **THIRTEEN CAUSE OF ACTION**

11          **DENIAL OF DISCHARGE 11 U.S.C. §727(a)(4)**

12                        **(False Oath)**

13      194.   Plaintiff incorporates by reference paragraphs 1
14  through 88 above, inclusive, as though fully set forth herein.

15      195. The Initial Documents included a "Declaration
16  Concerning Debtor's Schedules", which Defendant executed and
17  which affirmed under penalty of perjury that the information in
18  Schedules A-J was true and correct.   The Initial Documents also
19  included a "Declaration Under Penalty of Perjury by Individual
20  Debtor", which Defendant executed and which affirmed under
21  penalty of perjury that the information in Statement of
22  Financial Affairs, and any attachments thereto, was true and
23  correct.   The Debtor testified at her meeting of creditors that
24  she listed all of her assets in her bankruptcy papers.

25      196. Plaintiff is informed and believes that on or about
26  June 24, 2007, the Debtor loaned $100,000 to Pfau Pfau & Pfau
27  LLC.

28      197. Plaintiff is informed and believes that on or about

                                37

1  October 17, 2007, the Debtor loaned $100,000 to Pfau Pfau & Pfau
2  LLC.

3      198. Plaintiff is informed and believes that on or about
4  November 7, 2007, the Debtor loaned $100,000 to Pfau Pfau & Pfau
5  LLC.

6      199. Plaintiff is informed and believes that on or about
7  May 1, 2007, the Debtor loaned $100,000 to her father, Ray Gray.

8      200.  The Debtor did not list these loans or accounts
9  receivable on her Schedule B or any amendments thereto.

10     201.  Plaintiff is informed and believes that Defendant
11 falsely stated under oath that she had listed all of her assets
12 on her schedule B.

13     202.  Consequently Defendant, knowingly and fraudulently,
14 and under penalty of perjury, falsely affirmed her Schedules and
15 knowingly and fraudulently testified under oath on her
16 bankruptcy papers and at her creditor meeting, that the
17 information contained therein was true and correct.

18     203. Plaintiff therefore objects to the discharge of
19 Defendant pursuant to 11 U.S.C. §727(a)(4).

20                    **FOURTEENTH CAUSE OF ACTION**

21          **DENIAL OF DISCHARGE 11 U.S.C. §727(a)(4)**

22                        **(False Oath)**

23     204.  Plaintiff incorporates by reference paragraphs 1
24 through 88 above, inclusive, as though fully set forth herein.

25     205. The Debtor testified at her meeting of creditors that
26 her bankruptcy papers were true and correct.

27     206. Plaintiff is informed and believes that in December
28 2008, Defendant deeded a piece of real property to the Harmon

                                38

1 Trust, recorded with the Riverside County recorder as document
2 number 2008-0646196 (the "Riverside County Property").

3   207.   The Debtor did not list the Riverside County Property
4 on her Schedule B, Statement of Financial Affairs, or any
5 amendments thereto.

6   208.   Defendant falsely stated under oath that she had
7 listed all of her assets on her schedule B and falsely stated
8 under oath that the information on her Statement of Financial
9 Affairs was true and correct.

10   209.   Consequently Defendant, knowingly and fraudulently,
11 and under penalty of perjury, falsely affirmed her Schedules and
12 Statement of Financial Affairs and knowingly and fraudulently
13 testified under oath at her creditor meeting, that the
14 information contained therein was true and correct.

15   210. Plaintiff therefore objects to the discharge of
16 Defendant pursuant to 11 U.S.C. §727(a)(4).

17                   **FIFTEENTH CAUSE OF ACTION**

18            **DENIAL OF DISCHARGE 11 U.S.C. §727(a)(4)**

19                        **(False Oath)**

20   211.   Plaintiff incorporates by reference paragraphs 1
21 through 88 above, inclusive, as though fully set forth herein.

22   212. The Initial Documents included a "Declaration
23 Concerning Debtor's Schedules", which Defendant executed and
24 which affirmed under penalty of perjury that the information in
25 Schedules A-J was true and correct.  The Initial Documents also
26 included a "Declaration Under Penalty of Perjury by Individual
27 Debtor", which Defendant executed and which affirmed under
28 penalty of perjury that the information in Statement of

39

1  Financial Affairs, and any attachments thereto, was true and
2  correct.  The Debtor testified at her meeting of creditors that
3  she listed all of her assets in her bankruptcy papers.

4       213. Plaintiff is informed and believes that on or about
5  April 6, 2009, Defendant transferred certain real property
6  identified by document #2009-0166699 with the Riverside County
7  Recorder's Office to De Luz Real Estate Inc.

8       214.  The Debtor did not list this property on her Schedule
9  B, Statement of Financial Affairs or any amendments thereto.

10      215.  Defendant falsely stated under oath that she had
11 listed all of her assets on her schedule B and falsely stated
12 under oath that the information on her Statement of Financial
13 Affairs was true and correct.

14      216.  Consequently Defendant, knowingly and fraudulently,
15 and under penalty of perjury, falsely affirmed her Schedules and
16 Statement of Financial Affairs and knowingly and fraudulently
17 testified under oath at her creditor meeting, that the
18 information contained therein was true and correct.

19      217. Plaintiff therefore objects to the discharge of
20 Defendant pursuant to 11 U.S.C. §727(a)(4).

21                 **SIXTEENTH CAUSE OF ACTION**

22          **DENIAL OF DISCHARGE 11 U.S.C. §727(a)(4)**

23                      **(False Oath)**

24      218. Plaintiff incorporates by reference paragraphs 1
25 through 88 above, inclusive, as though fully set forth herein.

26      219. The Initial Documents included a "Declaration
27 Concerning Debtor's Schedules", which Defendant executed and
28 which affirmed under penalty of perjury that the information in

                              40

1  Schedules A-J was true and correct.  The Initial Documents also
2  included a "Declaration Under Penalty of Perjury by Individual
3  Debtor", which Defendant executed and which affirmed under
4  penalty of perjury that the information in Statement of
5  Financial Affairs, and any attachments thereto, was true and
6  correct.  The Debtor testified at her meeting of creditors that
7  she listed all of her assets in her bankruptcy papers.

8       220. The United States Trustee is informed and believes
9  that on October 28, 2008, Defendant owned a piece of real
10  property identified as APN #659-220-005.

11      221.  The United States Trustee is informed and believes
12  that  on or about July 16, 2009, Defendant deeded a piece of
13  real property (APN: 659-220-005) to Panoche Valley LLC, recorded
14  with the Riverside County recorder as Doc. 2009-0367946.

15      222.  The United States Trustee is informed and believes
16  that on October 28, 2008, Defendant owned a piece of real
17  property identified as APN #326-193-024.

18      223.  The United States Trustee is informed and believes
19  that  on or about July 16, 2009, Defendant deeded a piece of
20  real property (APN: 326-193-024) to Panoche Valley LLC, recorded
21  with the Riverside County recorder as Doc. 2009-0367947.

22      224.  The Debtor did not list these property on her
23  Schedule B, her Statement of Financial Affairs or any amendments
24  thereto.

25      225.  2Defendant falsely stated under oath that she had
26  listed all of her assets on her schedule B and falsely stated
27  under oath that the information on her Statement of Financial
28  Affairs was true and correct.

41

1      226.   Consequently Defendant, knowingly and fraudulently,

2 and under penalty of perjury, falsely affirmed her Schedules and

3 Statement of Financial Affairs and knowingly and fraudulently

4 testified under oath at her creditor meeting, that the

5 information contained therein was true and correct.

6      227. Plaintiff therefore objects to the discharge of

7 Defendant pursuant to 11 U.S.C. §727(a)(4).

8                   **SEVENTEENTH CAUSE OF ACTION**

9            **DENIAL OF DISCHARGE 11 U.S.C. §727(a)(2)**

10                      **(False Oath)**

11      228. Plaintiff incorporates by reference paragraphs 1

12 through 88 above, inclusive, as though fully set forth herein.

13      229. The Initial Documents included a "Declaration

14 Concerning Debtor's Schedules", which Defendant executed and

15 which affirmed under penalty of perjury that the information in

16 Schedules A-J was true and correct.  The Initial Documents also

17 included a "Declaration Under Penalty of Perjury by Individual

18 Debtor", which Defendant executed and which affirmed under

19 penalty of perjury that the information in Statement of

20 Financial Affairs, and any attachments thereto, was true and

21 correct.  The Debtor testified at her meeting of creditors that

22 she listed all of her assets in her bankruptcy papers.

23      230. Plaintiff is informed and believes that on or about

24 October 28, 2008, Defendant owned a piece of real property

25 identified as document number 811-030-018.

26      231.   The United States Trustee is further informed and

27 believes that in February 2009, Defendant transferred a piece of

28 real property (APN #811-030-018) to Kona Brothers Coffee LLC.

1        232.   The Debtor did not list this real property on her
2   Schedule B, Statement of Financial Affairs or any amendments
3   thereto.

4        233.   The Debtor did not list this property as any type of
5   transfer on the Debtor's Statement of Financial Affairs or any
6   amendments thereto.

7        234.   Defendant falsely stated under oath that she had
8   listed all of her assets on her schedule B and falsely stated
9   under oath that the information on her Statement of Financial
10  Affairs was true and correct.

11       235.   Consequently Defendant, knowingly and fraudulently,
12  and under penalty of perjury, falsely affirmed her Schedules and
13  Statement of Financial Affairs and knowingly and fraudulently
14  testified under oath at her creditor meeting, that the
15  information contained therein was true and correct.

16       236. Plaintiff therefore objects to the discharge of
17  Defendant pursuant to 11 U.S.C. §727(a)(4).

18              **EIGHTEENTH CAUSE OF ACTION**

19        **DENIAL OF DISCHARGE 11 U.S.C. §727(a)(4)**

20                    **(False Oath)**

21       237.   Plaintiff incorporates by reference paragraphs 1
22  through 88 above, inclusive, as though fully set forth herein.

23       238. The Initial Documents included a "Declaration
24  Concerning Debtor's Schedules", which Defendant executed and
25  which affirmed under penalty of perjury that the information in
26  Schedules A-J was true and correct.   The Initial Documents also
27  included a "Declaration Under Penalty of Perjury by Individual
28  Debtor", which Defendant executed and which affirmed under

43

1  penalty of perjury that the information in Statement of

2  Financial Affairs, and any attachments thereto, was true and

3  correct.  The Debtor testified at her meeting of creditors that

4  she listed all of her assets in her bankruptcy papers.

5      239. The Defendant admitted that she cosigned for a loan

6  from Bank of the West for Ashurst Land & Cattle [LLC] and that

7  cattle were purchased with that loan as an investment.

8      240. The Defendant testified that she believes the cattle

9  still exist and the cattle may be on the Defendant's property.

10     241. Defendant testified she had no relationship with

11 Ashurst Land & Cattle.

12     242.  The Debtor did not list the cattle or the investment

13 therein on her Schedule B or any amendments thereto.

14     243.  The Debtor did not list the transfers to Ashurst Land

15 & Cattle on her Statement of Financial Affairs or any amendments

16 thereto.

17     244.  Defendant falsely stated under oath that she had

18 listed all of her assets on her schedule B and falsely stated

19 under oath that the information on her Statement of Financial

20 Affairs was true and correct.

21     245.  Consequently Defendant, knowingly and fraudulently,

22 and under penalty of perjury, falsely affirmed her Schedules and

23 Statement of Financial Affairs and knowingly and fraudulently

24 testified under oath at her creditor meeting, that the

25 information contained therein was true and correct.

26     246. Plaintiff therefore objects to the discharge of

27 Defendant pursuant to 11 U.S.C. §727(a)(4).

28 //

44

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NINETEENTH CAUSE OF ACTION**

**DENIAL OF DISCHARGE 11 U.S.C. §727(a)(4)**

**(False Oath)**

247. Plaintiff incorporates by reference paragraphs 1 through 88 above, inclusive, as though fully set forth herein.

248. The Initial Documents included a "Declaration Concerning Debtor's Schedules", which Defendant executed and which affirmed under penalty of perjury that the information in Schedules A-J was true and correct. The Initial Documents also included a "Declaration Under Penalty of Perjury by Individual Debtor", which Defendant executed and which affirmed under penalty of perjury that the information in Statement of Financial Affairs, and any attachments thereto, was true and correct. The Debtor testified at her meeting of creditors that she listed all of her assets in her bankruptcy papers.

249. As of the filing date of her petition, the Defendant owned a checking account for TNT Hair Design at Union Bank of California.

250. As of the filing date of her petition, the Defendant owned a bank account ending in 7541 at Union Bank of California.

251. As of the filing date of her petition, the Defendant owned a bank account ending in 8641 at Temecula Valley Bank.

252. As of the filing date of her petition, the Defendant owned a bank account ending in 2376 at Canyon National Bank.

253. As of the filing date of her petition, the Defendant had a certificate of deposit with San Diego County Credit Union in the amount of $25,000.

254. As of the filing date of her petition, the Defendant

45

1 │ had an account with AG Edwards ending in 7599.

2 │    255.   The Debtor did not list these accounts on her
3 │ Schedule B or any amendments thereto.

4 │    256.   The Debtor did not list these accounts as closed on
5 │ her Statement of Financial Affairs, question no. 11, or any
6 │ amendments thereto.

7 │    257.   Defendant falsely stated under oath that she had
8 │ listed all of her assets on her schedule B and falsely stated
9 │ under oath that the information on her Statement of Financial
10 │ Affairs was true and correct.

11 │    258.   Consequently Defendant, knowingly and fraudulently,
12 │ and under penalty of perjury, falsely affirmed her Schedules and
13 │ Statement of Financial Affairs and knowingly and fraudulently
14 │ testified under oath at her creditor meeting, that the
15 │ information contained therein was true and correct.

16 │    259. Plaintiff therefore objects to the discharge of
17 │ Defendant pursuant to 11 U.S.C. §727(a)(4).

18 │                   **TWENTIETH CAUSE OF ACTION**

19 │             **DENIAL OF DISCHARGE 11 U.S.C. §727(a)(4)**

20 │                         **(False Oath)**

21 │    260.   Plaintiff incorporates by reference paragraphs 1
22 │ through 88 above, inclusive, as though fully set forth herein.

23 │    261. The Initial Documents included a "Declaration
24 │ Concerning Debtor's Schedules", which Defendant executed and
25 │ which affirmed under penalty of perjury that the information in
26 │ Schedules A-J was true and correct.   The Initial Documents also
27 │ included a "Declaration Under Penalty of Perjury by Individual
28 │ Debtor", which Defendant executed and which affirmed under

                              46

1 | penalty of perjury that the information in Statement of
2 | Financial Affairs, and any attachments thereto, was true and
3 | correct. The Debtor testified at her meeting of creditors that
4 | she listed all of her assets in her bankruptcy papers.

5 |     262. As of October 2008, Defendant was a beneficiary of the
6 | 1620 Wilt Road Trust, No. 200801461, Dated 02/01/2008.

7 |     263. The Debtor did not list her interest in this trust on
8 | her Schedule B or any amendments thereto.

9 |     264. Defendant falsely stated under oath that she had
10 | listed all of her assets on her schedule B and falsely stated
11 | under oath that the information on her Statement of Financial
12 | Affairs was true and correct.

13 |     265. Consequently Defendant, knowingly and fraudulently,
14 | and under penalty of perjury, falsely affirmed her Schedules and
15 | Statement of Financial Affairs and knowingly and fraudulently
16 | testified under oath at her creditor meeting, that the
17 | information contained therein was true and correct.

18 |     266. Plaintiff therefore objects to the discharge of
19 | Defendant pursuant to 11 U.S.C. §727(a)(4).

20 | **TWENTY-FIRST CAUSE OF ACTION**

21 | **DENIAL OF DISCHARGE 11 U.S.C. §727(a)(4)**

22 | **(False Oath)**

23 |     267. Plaintiff incorporates by reference paragraphs 1
24 | through 88 above, inclusive, as though fully set forth herein.

25 |     268. The United States Trustee is informed and believes
26 | that certain real property in San Marcos, California (A.P.N.:
27 | 222-350-27-00) was sold by Defendant in January 2008 for
28 | $420,000.

47

1    269.   The United States Trustee is informed and believes
2  that on or about October 16, 2008, Defendant, for no
3  consideration, assigned a Deed of Trust, secured by the real
4  property in San Marcos, California (A.P.N.: 222-350-27-00) ("the
5  San Marcos Deed") to Kona Brothers Coffee LLC.

6    270.   The United States Trustee is informed and believes
7  that the San Marcos Deed secured a loan in the face amount of
8  $284,000.

9    271.   The Debtor did not disclose the transfer of the San
10  Marcos Deed on her Statement of Financial Affairs or any
11  amendments thereto.

12    272. Defendant falsely stated under oath that she had
13  listed all of her assets on her schedule B and falsely stated
14  under oath that the information on her Statement of Financial
15  Affairs was true and correct.

16    273.   Consequently Defendant, knowingly and fraudulently,
17  and under penalty of perjury, falsely affirmed her Schedules and
18  Statement of Financial Affairs and knowingly and fraudulently
19  testified under oath at her creditor meeting, that the
20  information contained therein was true and correct.

21    274. Plaintiff therefore objects to the discharge of
22  Defendant pursuant to 11 U.S.C. §727(a)(4).

23                **TWENTY SECOND CAUSE OF ACTION**
24          **DENIAL OF DISCHARGE 11 U.S.C. §727(a)(3)**
25       **FAILURE TO KEEP OR PRESERVE BOOKS AND RECORDS**
26    275.   Plaintiff incorporates by reference paragraphs 1
27  through 88 above, inclusive, as though fully set forth herein.
28    276.   Defendant conducted the following transactions:

48

| | | |
|---|---|---|
| 1 | a. | Defendant deposited a total of at least \$122,000 |
| 2 | | (100,000 + 10,000 + 11,000) into an escrow |
| 3 | | account between August 2007 and January 2008 for |
| 4 | | a property located at 700 Atterbury Drive, San |
| 5 | | Marcos; |
| 6 | b. | Defendant's Schedule G lists a rental lease for |
| 7 | | the property located at 2656 Vista de Palomar, |
| 8 | | Fallbrook; |
| 9 | c. | Defendant's Schedule G lists an agreement with |
| 10 | | Kona Brothers Coffee LLC to collect upon a Note; |
| 11 | d. | Plaintiff is informed and believes that Kona |
| 12 | | Brothers Coffee LLC has the following projects |
| 13 | | for Debtor: |
| 14 | | (1)   112 Acre Harmony Grove Project |
| 15 | | (2)   109 Acre Project at 36211 Pala del |
| 16 | | Norte |
| 17 | | (3)   50 Acre De Luz Project |
| 18 | | (4)   100 Acre Desert Hot Springs Project; |
| 19 | e. | As late as February 2008, Defendant was making |
| 20 | | mortgage payments for the 1620 Wilt Road |
| 21 | | property, in Fallbrook, California; |
| 22 | f. | Defendant believes the cattle for which she co- |
| 23 | | signed a loan still exist and may be on the |
| 24 | | Defendant's property; |
| 25 | g. | Defendant's loaned approximately \$300,000 to Pfau |
| 26 | | Pfau & Pfau LLC; |
| 27 | i. | Defendant loaned approximately \$100,000 to her |
| 28 | | father, Ray Gray; |

49

1        j.    On her Schedule B, Defendant lists 2 Notes

2              regarding Fallbrook, CA for $2,062,641;

3        k.    On her Schedule B, Defendant lists other

4              liquidated debts totaling $640,000;

5        l.    On her Schedule B, Defendant lists a contract

6              receivable of $34,240,306;

7        m.    Defendant has listed two insurance claims valued

8              at a total of $220,000 for damage to real

9              property on her response to question 8 on her

10             Statement of Financial Affairs.

11       275.  The Debtor has concealed, destroyed, mutilated,

12   falsified, or failed to keep or preserve recorded information,

13   including books, documents, records, and papers, from which the

14   debtor's financial condition or business transactions might be

15   ascertained.

16       276.  Plaintiff therefore objects to the discharge of

17   Defendant pursuant to 11 U.S.C. §727(a)(3).

18                    **TWENTY THIRD CAUSE OF ACTION**

19               **DENIAL OF DISCHARGE 11 U.S.C. §727(a)(5)**

20          **FAILURE TO EXPLAIN LOSS OR DEFICIENCY OF ASSETS**

21       277.  Plaintiff incorporates by reference paragraphs 1

22   through 88 above, inclusive, as though fully set forth herein.

23       278.  Defendant conducted the following transactions:

24       a.    Defendant deposited a total of at least $122,000

25             (100,000 + 10,000 + 11,000) into an escrow

26             account between August 2007 and January 2008 for

27             a property located at 700 Atterbury Drive, San

28             Marcos;

                              50

| | | |
|---|---|---|
| 1 | b. | Defendant's Schedule G lists a rental lease for |
| 2 | | the property located at 2656 Vista de Palomar, |
| 3 | | Fallbrook; |
| 4 | c. | Defendant's Schedule G lists an agreement with |
| 5 | | Kona Brothers Coffee LLC to collect upon a Note; |
| 6 | d. | Plaintiff is informed and believes that Kona |
| 7 | | Brothers Coffee LLC has the following projects |
| 8 | | for Debtor: |
| 9 | | (1)   112 Acre Harmony Grove Project |
| 10 | | (2)   109 Acre Project at 36211 Pala del |
| 11 | | Norte |
| 12 | | (3)   50 Acre De Luz Project |
| 13 | | (4)   100 Acre Desert Hot Springs Project; |
| 14 | e. | As late as February 2008, Defendant was making |
| 15 | | mortgage payments for the 1620 Wilt Road |
| 16 | | property, in Fallbrook, California; |
| 17 | f. | Defendant believes the cattle for which she co- |
| 18 | | signed a loan still exist and may be on the |
| 19 | | Defendant's property; |
| 20 | g. | Defendant's loaned approximately $300,000 to Pfau |
| 21 | | Pfau & Pfau LLC; |
| 22 | i. | Defendant loaned approximately $100,000 to her |
| 23 | | father, Ray Gray; |
| 24 | j. | On her Schedule B, Defendant lists 2 Notes |
| 25 | | regarding Fallbrook, CA for $2,062,641; |
| 26 | k. | On her Schedule B, Defendant lists other |
| 27 | | liquidated debts totaling $640,000; |
| 28 | l. | On her Schedule B, Defendant lists a contract |

51

1                    receivable of $34,240,306;

2          m.    Defendant has listed two insurance claims valued

3                at a total of $220,000 for damage to real

4                property on her response to question 8 on her

5                Statement of Financial Affairs.

6      279. Despite the requests of the Chapter 7 Trustee and the

7  U.S. Trustee, Defendant has failed to provide an accounting or a

8  satisfactory explanation of these transactions or the loss of

9  assets resulting therefrom.

10     280.  Despite the requests of the Chapter 7 Trustee and the

11 U.S. Trustee, Defendant has failed to provide an accounting or a

12 satisfactory explanation of the deficiency of her assets to meet

13 her liabilities due to the foregoing transactions.

14     281.  Plaintiff therefore objects to the discharge of

15 Defendant pursuant to 11 U.S.C. §727(a)(5).

16

17                        **PRAYER FOR RELIEF**

18     WHEREFORE, Plaintiff prays that the discharge of the Debtor

19 be denied and that the Plaintiff have such other and further

20 relief as is just.

21                              Respectfully submitted,

22                              TIFFANY L. CARROLL
                                ACTING UNITED STATES TRUSTEE
23

24

25 Dated: November 30, 2010  By: _Jeanne C Wanlass_

26                              Jeanne C. Wanlass,
                                Trial Attorney for the
27                              Acting United States Trustee

28

                                  52