DOCUMENT PREPARED ON RECYCLED PAPER

1 | **FIDELITY NATIONAL LAW GROUP**
2 | KAREN A. RAGLAND, ESQ., (SBN 108560)
    915 Wilshire Boulevard, Suite 2100
3 | Los Angeles, California 90017
    Telephone: (213) 438-4408
4 | Facsimile: (213) 438-4417
    E-mail: karen.ragland@fnf.com
5
    Attorneys for Creditor
6 | FIDELITY NATIONAL TITLE
    INSURANCE COMPANY
7 | Assignee of Russell Hatfield
    And Joan Hatfield, Trustees of
8 | the Hatfield Family Trust
    dated May 9, 2000

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| IN RE: | ) | CASE NO. 08-10753 CL7 |
|---|---|---|
| TESLA GRAY, | ) | Chapter 7 |
| Debtor. | ) | MOTION TO REOPEN CASE UNDER 11 U.S.C. Section 350 (b) BY CREDITOR FIDELITY NATIONAL TITLE INSURANCE COMPANY TO ALLOW FOR MOTION TO CONFIRM THAT THE POST-DISCHARGE STAY HAS NOT BEEN VIOLATED, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION AND DECLARATION OF KAREN A. RAGLAND IN SUPPORT THEREOF |

1

MOTION TO REOPEN CASE

TO THE DEBTOR, HER ATTORNEY AND ALL INTERESTED PARTIES:

Creditor, Fidelity National Title Insurance Company, assignee of Russell Hatfield and Joan Hatfield, Trustees of the Hatfield Family Trust dated May 9, 2000, (hereafter "Creditor") hereby moves this Court for an Order to Reopen the Chapter 7 case of the above-named Debtor under 11 U.S.C. Section 350 (b) and Federal Rules of Bankruptcy Procedure 5010.

The purpose of this Motion is to allow Creditor to bring a Motion for an Order from this Court that the Creditor has not violated the post Discharge Stay of the Debtor as provided by 11 U.S.C. Section 524 (a) (2). In other words, Creditor seeks an Order that its post-judgment efforts by this Creditor to enforce its judgments does not violate the post-discharge stay.

On October 28, 2008, Tesla Gray, the Debtor, (hereafter "Debtor") was placed in an involuntary Chapter 11 case by three of her creditors. Thereafter, on December 21, 2009, the Court converted this Chapter 11 case to a Chapter 7 one.

Prior thereto, on January 25, 2007, the Debtor had executed an Adjustable Rate Note and a Deed of Trust with Bank United FSB. Thereafter, on July 17, 2009, the Deed of Trust was assigned to GMAC Mortgage, L.L.C. (hereafter "GMAC") Said Deed of Trust was secured by the real property commonly known as 1620 Wilt Road, Fallbrook, California 92028-0000 (hereafter "Property").

During the pendency of her bankruptcy case, GMAC filed its Motion for Relief from the Automatic Stay due to the Debtor's failure to make post-petition payments on the Property. The Motion was filed on September 17, 2009. A copy of the Motion is attached to the Declaration of Karen A. Ragland filed concurrently herewith as Exhibit "1" and incorporated herein by this reference.

The Debtor failed to respond to the Motion for Relief from the Automatic Stay. Thereafter, on January 4, 2010, the Court granted the Motion for Relief from the Automatic Stay as to the Property. A copy of the Order for Relief from the Automatic Stay is attached to the Declaration of Karen A. Ragland filed concurrently herewith as Exhibit "2" and incorporated herein by this reference

Thereafter, GMAC foreclosed on the Property and sold it to the Hatfields. In connection with this real estate sale transaction, Creditor issued a title insurance policy (hereafter "Policy") on the Property.

Subsequently, the Debtor received her Chapter 7 discharge on July 25, 2013. The Court closed the case on July 29, 2013. A copy of her discharge is attached to the Declaration of Karen A. Ragland filed concurrently herewith as Exhibit "3" and incorporated herein by this reference.

However, the Hatfields filed an Action in the San Diego County Superior Court with regard to the Property. The Debtor did not prevail at trial. As a result, the Court awarded attorney's fees to the Hatfields in the amount of $14,459.00 on February 10, 2015. A copy of the February 10 Judgment is attached to the Declaration of Karen A. Ragland filed concurrently herewith as Exhibit "4" and incorporated herein by this reference.

The Debtor unsuccessfully appealed this Judgment. The Court granted the Hatfields additional attorney's fees in the amount of $1,075.41 on December 21, 2016. A copy of Abstract for this December 21 Judgment is attached to the Declaration of Karen A. Ragland filed concurrently herewith as Exhibit "5" and incorporated herein by this reference.

On June 30, 2017, the Hatfields assigned their Judgments to the Creditor. A copy of the Assignment is attached to the Declaration of Karen A. Ragland filed concurrently herewith as Exhibit "6" and incorporated herein by this reference.

The Creditor has attempted to enforce the Judgments by means of a Judgment Debtor Examination (hereafter "ORAP") of the Debtor in the San Diego County Superior Court. At the last ORAP in April, 2018, the Debtor objected on the grounds that the enforcement efforts of the Creditor were in violation of her post-discharge stay.

As a result, the Court continued the ORAP to July 27, 2018.

Creditor therefore requests that case be reopened by this Court so that this Creditor may move for an Order that the post-discharge stay does not operate to bar its efforts to enforce the Judgments against the Debtor.

This Motion is based on this Notice, the Declaration of Karen A. Ragland and the Memorandum of Points and Authorities filed concurrently herewith and any other evidence that the Court may consider.

Dated: July 11, 2018               FIDELITY NATIONAL LAW GROUP


*/s/ Karen A. Ragland*
_____
KAREN A. RAGLAND,
Attorney for Creditor

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REOPEN CHAPTER 7 CASE

## I. STATEMENT OF FACTS

On February 10, 2015, Russell Hatfield and Joan Hatfield, Trustees of the Hatfield Family Trust dated May 9, 2000 ( hereinafter "Hatfields") obtained a judgment in the amount of $14,459.00 ("Judgment #1") against the Debtor, Tesla Gray. This Judgment #1 was for the costs incurred with the litigation between the parties with respect to the Property.

On December 21, 2016, a second judgment was entered in favor of the Hatfields against the Debtor as a result of her unsuccessful appeal in the amount of $1,075.41 (hereinafter "Judgment #2").

On June 30, 2017, the Hatfields executed two Acknowledgments of Assignment of Judgment ("Assignments") which assigned the Judgments to Fidelity National Title Insurance Company. (hereinafter "Creditor)

Prior thereto, in March of 2012, the Hatfields acquired the title to the real property commonly known as 1620 Wilt Road, Fallbrook, California (hereinafter "Property") from GMAC Mortgage (hereinafter "GMAC"). The Property consisted of three parcels of land and an access parcel.

In connection with this sale transaction, Creditor issued an Owner's Policy of Title Insurance to the Hatfields (hereinafter "Policy"). The Policy insured fee title as to the Parcel 1 (home), Parcel 2 (vacant) and an easement (Parcel 3). The Property had not been legally subdivided, but Parcel 3 was identified as a separate PIN.

Prior thereto, in January, 2007, the Debtor had executed an Adjustable Rate Note and Deed of Trust in favor of Bank United which was secured by only Parcel 1 of the Property. A Policy of Title Insurance was issued to Bank United due to this loan transaction.

On October 28, 2008, three of her creditors filed an involuntary petition under Chapter 11 against the Debtor. Thereafter, this case was converted to a Chapter 7 case in December, 2009.

During the pendency of her bankruptcy case, GMAC obtained relief from the automatic stay so that it could proceed with its foreclosure of the Property. The Debtor conveyed the Property to Equity Holding Corp., Trustee (hereafter "Trustee"). However, GMAC foreclosed on Parcel 1 only, it conveyed title to Parcel 1 and 2 to the Insured. Creditor insured both parcels.

In October, 2012, upon learning that the Trustee had retained title to Parcel 2, the Hatfields, the Insureds, submitted a claim to the Creditor. Thereafter, on March 25, 2013, the Hatfields filed their litigation in the San Diego County Superior Court, which named the Trustee and the Debtor as Defendants. The case went to trial in December, 2014, and the Court found that the Deed of Trust encumbered both Parcels 1 and 2. Judgment #1 was then entered on February 10, 2015 which was in favor of the Insureds. The Court also awarded the Hatfields their attorney fees and costs incurred as a result of this litigation.

The Debtor filed a notice of appeal, but the Appellate Court affirmed the decision of the trial court. As a result, the Court awarded to the Hatfields additional attorney's fees and costs in December, 2016.

Thereafter, on June 30, 2017, the Hatfields assigned both judgments to Creditor.

At this time, Creditor is attempting to enforce its judgments against the Debtor by means of a Judgment Debtor Examination (hereafter "ORAP"). Her ORAP was initially set for March 16, 2018, but she failed to appear. The Court issued bench warrant for the Debtor with bail in the amount of $5,000.00. At that time, the Court held the warrant and continued the ORAPs to April 13, 2018.

On April 13, 2018, the Debtor objected to the ORAP on the grounds that it was a violation of the post-discharge injunction.

## II.

## ANALYSIS

## ARGUMENT/AUTHORITIES

A. **GROUNDS EXIST TO GRANT THE MOTION TO REOPEN UNDER 11 U.S.C. SECTION 350 (b)**

Creditor submits that grounds exist under Section 350 (b) to reopen the Chapter 7 case of the debtor. Section 350(b) allows for the reopening of a closed case to "administer assets, to accord relief to the debtor or for other cause."

In addition, Federal Rule of Bankruptcy Procedure 5010 states:

"A case may be reopened on motion of the debtor or other party in interest pursuant to 11 U.S.C. Section 350 (b) of the code."

A party in interest, although not specifically defined, is broadly construed, and includes the United States Trustee, the trustee and creditors. However, whether one has standing for the purposed of 11 U.S.C. Section 350 (b) and Federal Rules of Bankruptcy Procedure 5010 is logically tethered as to whether one has standing to request the underlying substantive relief.

Further, the Court has broad discretion regarding whether it should reopen a closed bankruptcy case. *In re: Elias*, 188 F.3d 1160 (9th Cir.1999); *In re: Lopez*, 283 B.R. 22 (9th Cir. BAP 2002). The bankruptcy court does not define "other cause". Therefore, whether "cause" exists to reopen is left open to the broad discretion of the bankruptcy court, which may consider numerous factors including equitable concerns. *In re: Ashe*, 228 B.R.457 (C.D. Cal. 1998) such factors include: "the length of time the case has been closed; whether the debtor would be entitled to relief if the case were reopened and the availability of nonbankruptcy courts (i.e. state courts) to entertain the claim." *Redmond vs. Fifth Third Bank*, 624 F.3d 793 (7th Cir. 2010)

Creditor contends that cause exists to allow the Court to reopen the Debtors' Chapter 7 case that was closed by the Court in July, 2013, and allow Creditor to seek an Order from this Court that confirms that the post-discharge stay under 11 U.S.C. Section 524 (a) (2) does not

apply to prevent the Creditor from proceeding with its post-judgment enforcement efforts, such as the Judgment Debtor Examination of the Debtor. If this Motion is denied, the San Diego County Superior Court has indicated its' hesitancy to allow the Creditor to continue with its post-judgment remedies against the Debtor.

In the instant case, the Creditor is attempting to enforce its judgments against the Debtor for attorney fees incurred as a result of the litigation in the San Diego County Superior Court with the Hatfields, its Insureds, with respect to the Property. Said litigation was not filed until after the Debtor's case was filed in 2008. Said litigation sought to correct the irregularities regarding the Property due to inaccurate legal descriptions. Further, it was not filed until after GMAC, the debtor's lender had obtained relief from the automatic stay to foreclose upon the Property.

Creditor has attempted to enforce its judgment with ORAP of the Debtor. However, at the last hearing in April, 2018, the Debtor objected to her ORAP on the grounds that it violated the post-discharge injunction. Creditor submits that the civil court is hesitant to allow it to proceed with its post-judgment remedies until the Bankruptcy Court determines that the post discharge bar does not apply to these remedies to enforce the Judgments against this Debtor.

Moreover, Creditor's assignees did not sustain any damages until after the entry of the debtor's discharge in July 2013. The judgments for attorney fees and costs against the Debtor were entered in 2015 and 2016, respectively.

Based on the foregoing arguments, Creditor submits that cause exists to grant this Motion to reopen so that it may obtain an Order from the Court that the Post-Discharge Stay does not apply to this enforcement of these judgments against the Debtor. In other words, Creditor requests an Order that its post-judgment remedies to enforce the judgment do not violate the post-discharge bar under 11 U.S.C. Section 524 (a) (2).

|   |   |   |
|---|---|---|
|   |   | Respectfully submitted, |
|   |   | **FIDELITY NATIONAL LAW GROUP** |
| Dated: July 11, 2018 | By: | */s/ Karen A. Ragland* |
|   |   | Karen A. Ragland, Attorney for Assignee/Plaintiff, **FIDELITY NATIONAL TITLE INSURANCE COMPANY** |